**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:21-cv-5289 |
| v. | Hon. Charles R. Norgle Sr. |
| HARTING, INC., | |
| Defendant. | |

**DEFENDANT'S BRIEF IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

BACKGROUND ................................................................................................. 2

ARGUMENT .................................................................................................... 3

I.      ████████████████████████████████████
        ██████████████ ................................................................ 5

II.     Conditional Certification Should Be Denied Because There Are Only
        Approximately Five Potential Opt-Ins. ............................................... 8

III.    Conditional Certification Should Be Denied Because Hanus Fails to Identify Any
        Other CSS Who Wishes to Join the Lawsuit. ....................................... 12

IV.     Hanus's Proposed Notice Is Inappropriate and Should Not Issue. ................... 14

CONCLUSION ................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adair v. Wis. Bell, Inc.*,
    2008 WL 4224360 (E.D. Wis. 2008) ........................................................................4

*Anderson v. Weinert Enter., Inc.*,
    986 F.3d 773 (7th Cir. 2021) ...............................................................................12

*Benedict v. Hewlett-Packard Co.*,
    2016 WL 1213985 (N.D. Cal. Mar. 29, 2016) .........................................................8

*Berger v. Perry's Steakhouse of Ill., LLC*,
    2020 WL 5848374 (N.D. Ill. Oct. 1, 2020) ............................................................9

*Boyd v. Alutiiq Glob. Sols., LLC*,
    2011 WL 3511085 (N.D. Ill. Aug. 8, 2011) ...........................................................4

*Brown v. Sears Holdings Mgmt., Corp.*,
    2009 WL 2514173 (N.D. Ill. Aug. 17, 2009) ...................................................5, 7, 8

*Calloway v. AT&T Corp.*,
    419 F. Supp. 3d 1031 (N.D. Ill. 2019) .................................................................12

*Copello v. Boehringer Ingelheim Pharms. Inc.*,
    812 F. Supp. 2d 886 (N.D. Ill. 2011) .............................................................5, 6, 7, 8

*Curtis v. Timberlake*,
    436 F.3d 709 (7th Cir. 2005) .................................................................................8

*De Leon v. Grade A Constr., Inc.*,
    2017 WL 6375821 (W.D. Wis. Dec. 13, 2017) .................................................11, 12

*Elder v. Comcast Corp.*,
    2015 WL 3475968 (N.D. Ill. June 1, 2015) .........................................................9, 11

*Epic Systems Corp. v. Lewis*,
    138 S. Ct. 1612 (2018) .......................................................................................7, 8

*Espenscheid v. DirectSat USA, LLC*,
    705 F.3d 770 (7th Cir. 2013) ...............................................................................8, 9

*Felder v. QED Int'l, LLC*,
    2019 WL 3009598 (S.D. Tex. July 10, 2019) .......................................................13, 14

**PUBLIC VERSION**

*Fields v. Bancsource, Inc.*,
    2015 WL 3654395 (N.D. Ill. June 10, 2015) ...........................................................15

*Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*,
    2021 WL 5763577 (S.D. Fla. Dec. 3, 2021) .............................................................8

*Flores v. Lifeway Foods, Inc.*,
    289 F. Supp. 2d 1042 (N.D. Ill. 2003) ......................................................................9

*Hadley v. J. Broad. Grp., Inc.*,
    2012 WL 523752 (E.D. Wis. Feb. 16, 2012) .....................................................12, 14

*Haugen v. Roundy's Illinois, LLC*,
    2019 WL 12056344 (N.D. Ill. Dec. 13, 2019) ........................................................15

*Herrington v. Waterstone Mortg. Corp.*,
    907 F.3d 502 (7th Cir. 2018) .....................................................................................9

*Hester v. Phillips 66 Co.*,
    2019 WL 1930271 (S.D. Tex. Apr. 30, 2019) ........................................................13

*Hoffmann-LaRoche Inc. v. Sperling*,
    493 U.S. 165 (1989) ...................................................................................................3

*Howard v. Securitas Sec. Servs., USA Inc.*,
    2009 WL 140126 (N.D. Ill. Jan. 20, 2009) .......................................................14, 15

*In re Jimmy John's Overtime Litig.*,
    877 F.3d 756 (7th Cir. 2017) ...................................................................................11

*Johnston v. Devries*,
    2022 WL 476088 (7th Cir. Feb. 16, 2022) ...............................................................8

*Koch v. Jerry W. Bailey Trucking, Inc.*,
    2019 WL 2138775 (N.D. Ind. May 16, 2019) ............................................10, 11, 12

*Lance v. Scotts Co.*,
    2005 WL 1785315 (N.D. Ill. July 21, 2005) ..........................................................14

*Mooney v. Advanced Disposal Servs.*,
    2008 WL 3843550 (M.D. Ala. Aug. 14, 2008) ......................................................13

*Niiranen v. Carrier One, Inc.*,
    2022 WL 103722 (N.D. Ill. Jan. 11, 2022) ...........................................................7, 8

*O'Donnell v. Robert Half Int'l, Inc.*,
    429 F. Supp. 2d 246 (D. Mass. 2006) .....................................................................13

iii

*Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*,
2018 WL 4760798 (M.D. Fla. July 31, 2018) *R. & R. adopted*, 2018 WL
4773107 (M.D. Fla. Aug. 15, 2018) ...................................................................10

*Severtson v. Phillips Beverage Co.*,
137 F.R.D. 264 (D. Minn. 1991)..........................................................................4

*Shaffer v. M-I, LLC*,
2015 WL 7313415 (S.D. Tex. Nov. 19, 2015) ...................................................13

*Smallwood v. Illinois Bell Telephone Co.*,
710 F. Supp. 2d 746 (N.D. Ill. 2010) .................................................................14

*Vazquez v. Ferrara Candy Co.*,
2016 WL 4417071 (N.D. Ill. Aug. 19, 2016) ..................................................3, 4

*Walker v. Jefferson Cnty. Bd. of Educ.*,
2016 WL 1117643 (N.D. Ala. Mar. 22, 2016) ...................................................10

*White v. Kcpar, Inc.*,
2006 WL 1722348 (M.D. Fla. June 20, 2006)....................................................13

*Woods v. New York Life Ins. Co.*,
686 F.2d 578 (7th Cir. 1982) ...............................................................................5

*Yockey v. Staffing Sols., Inc.*,
2016 WL 7242482 (S.D. Ind. Dec. 15, 2016)......................................................4

*Zettler v. Thurs Trucking, Inc.*,
2019 WL 1929205 (W.D. Wis. Apr. 30, 2019) ..................................................10

**Statutes**

29 U.S.C. § 255(a) ........................................................................................................11

29 U.S.C. § 256(b) ........................................................................................................11

29 U.S.C. § 216(b) ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................. *passim*

**PUBLIC VERSION**

Plaintiff Michelle Hanus ("Hanus") initiated this lawsuit more than eight months ago, on October 5, 2021. Hanus alleges that her former employer, Defendant HARTING, Inc.[1] ("HARTING"), misclassified her position as exempt under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL"). On April 29, 2022, Hanus filed a motion to conditionally certify an FLSA collective and thus seeks to send notice of the action to all HARTING employees who have held the same position as Hanus in the three years prior to the filing of the Complaint. *See* Dkt. 14 (the "Motion" or "Mot."). As described below, Hanus's Motion should be denied for three independent reasons.

*First*,


*Second*, Hanus's purported collective would consist of only approximately five *potential* opt-ins. Because this small number does not justify the burden associated with the FLSA's collective action procedures even if the Court were to assume a 100% opt-in rate, conditional certification should be denied on this basis as well.

And *third*, conditional certification should also be denied because Hanus has failed to identify any other potential individuals who would be interested in opting in to the lawsuit, and,

---

[1]     Although "HARTING, Inc." is the named Defendant in the caption of this case, "HARTING, Inc. of North America," a distinct entity, was Hanus's employer. *See, e.g.*, Dkt. 9, ¶¶ 17, 18. But for convenience, and unless otherwise noted, references to "HARTING" in this brief encompass "HARTING, Inc. of North America."

relatedly, not a single person has opted in to this case in the more than eight months it has been

pending. Many courts have denied conditional certification on these bases, and the reasoning in

those decisions applies fully to Hanus's Motion.

## BACKGROUND

As relevant to the Motion, Hanus started work as a Customer Service Specialist ("CSS")

at HARTING in November 2019. *See* Dkt. 9, ¶ 19.[2] Through its subsidiaries, HARTING develops,

manufactures, and sells electrical connectors and solutions for use in mechanical and plant

engineering, broadcast and entertainment, factory automation, power generation and distribution

as well as industrial electronics and telecommunications. *Id*. at ¶ 15. As a CSS at HARTING,

Hanus's job duties consisted of, among other things, listening to customers' issues, assessing

available solutions, and using her judgment on a daily basis to determine how best to resolve the

customers' needs. *See* Ex. 1, Declaration of Jennifer Centimano ("JC Decl.") ¶ 3. In fulfilling these

duties, Hanus would not only interact with the customers themselves but would also interface with

HARTING team members in other departments as well. *See id*. Hanus was one of about five CSSs

to have worked for HARTING in the three years prior to the filing of her Complaint. *See id*. ¶ 4.

In August 2021, HARTING terminated Hanus's employment.



---

[2]       The Complaint and Motion incorrectly describe the position as "Customer Service Representative,"
a position that does not exist at HARTING. *See, e.g.*, Dkt. 9, ¶ 19.

**PUBLIC VERSION**

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████

In October 2021, Hanus filed this putative collective action and consent to join, asserting claims under the FLSA and IMWL. *See* Dkt. 1 and 1-2. On April 29, 2022, ████████████████ ███████████, she filed this Motion seeking conditional certification of a collective consisting of "[a]ll Customer Service Representatives who worked for Defendant at any time after October 5, 2018," and requesting issuance of notices to these purported "Customer Service Representatives" about this lawsuit. *See* Mot. ¶¶ 2, 7-12. The only evidence cited in support of the Motion consists of Hanus's short and often conclusory declaration. *See* Dkt. 14-7 ("Hanus Decl."). The Declaration does not, for example, identify any other individual who purportedly expressed interest or would be interested in joining the lawsuit.[3]

## ARGUMENT

As discussed below, Hanus's Motion should be denied. A plaintiff has no automatic right to conditional certification under § 216(b) of the FLSA. *See Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 171 (1989); *Vazquez v. Ferrara Candy Co*., 2016 WL 4417071, at *3 (N.D. Ill. Aug. 19, 2016). Rather, district courts "have discretion, in appropriate cases . . . to implement" the collective action mechanisms under the statute. *Hoffmann-LaRoche*, 493 U.S. at 169. In exercising that discretion, "the majority of courts" in the Seventh Circuit "have adopted a two-step process for determining whether an FLSA lawsuit should proceed as a collective action." *Vazquez*, 2016 WL 4417071, at *3 (quotation marks and citations omitted). At the first stage—conditional

---

[3]    HARTING does not concede any allegation in Hanus's Declaration (or any allegation in any other filing in connection with the Motion or the Complaint) and only addresses the allegations as relevant to its opposition to the Motion.

PUBLIC VERSION

certification—the plaintiff bears the burden of establishing facts sufficient to demonstrate that she and the other potential plaintiffs together were victims of a common policy that violated the law and that the plaintiff is otherwise entitled to pursue a collective action. *See, e.g.*, *id.*; *Boyd v. Alutiiq Glob. Sols., LLC*, 2011 WL 3511085, at *3 (N.D. Ill. Aug. 8, 2011).[4]

This first step is no mere formality. *See Boyd*, 2011 WL 3511085, at *7. In seeking conditional certification and the associated court-authorized notice to potential opt-ins, a plaintiff, in effect, asks for the court's assistance to locate potential plaintiffs and thereby expand the scope of the lawsuit. *See Vazquez*, 2016 WL 4417071, at *3; *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991). In Hanus's Motion, for example, she seeks issuance of multiple notices through the U.S. Mail, email, and physical postings at the workplace. *See infra* Section IV; Mot. ¶¶ 7-12. Given the nature and seriousness of these types of requests, courts must carefully exercise their discretion to avoid unnecessarily "stirring up" litigation where it may be unwarranted. *See Severtson*, 137 F.R.D. at 266-67.

This assessment of whether a plaintiff has met her burden for conditional certification is thus an "important and functional step in the certification process." *See Yockey v. Staffing Sols., Inc.*, 2016 WL 7242482, at *2 (S.D. Ind. Dec. 15, 2016). As courts have recognized, it "would be a waste of the Court's and the litigants' time and resources" to notify other putative plaintiffs "only to later determine that the matter should *not* proceed as a collective action." *Id.* (emphasis added). That is especially so because, as "the Seventh Circuit has observed," a "plaintiff's discovery demands upon conditional certification may impose a tremendous financial burden to the employer." *See Adair v. Wis. Bell, Inc.*, 2008 WL 4224360, *4 (E.D. Wis. 2008) (quotation marks

---

[4] The second stage, which occurs only if conditional certification has been granted (which would be unwarranted here), involves consideration of similar issues, though after discovery pertaining to any opt-ins has occurred. *See, e.g.*, *Vazquez*, 2016 WL 4417071, at *3 (describing process).

**PUBLIC VERSION**

omitted) (citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982)).

Here, the motion for conditional certification should be denied for three independent reasons: **(1)** ██████████████████████████████████████████████████████ ███████████████████████████████████████████ ; **(2)** Hanus's purported collective involves, at best, only about five potential opt-ins, which is insufficient to support certification; and **(3)** Hanus has failed to identify, as courts have required, any other individual who would be interested in opting in to the lawsuit, and not a single person has demonstrated any interest in joining the case by opting in during the eight months that this case has been pending.

**I.**  ████████████████████████████████████████████████████████
██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

PUBLIC VERSION



**PUBLIC VERSION**

So too here, where Hanus also implicitly acknowledges that there is no legal foundation to support a class action under the IMWL. She does not seek certification of her IMWL claim, either in the Complaint or in her Motion.

7

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████[7]

## II.   Conditional Certification Should Be Denied Because There Are Only Approximately Five Potential Opt-Ins.

In *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013), the Seventh Circuit

explained that despite the differences between a collective action under the FLSA and a class

---

[7] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

action under Rule 23, including the absence from the FLSA of Rule 23's detailed procedural provisions, "there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences." *Id.* at 772. The court added that while collective actions bind only opt-ins, "the provisions of Rule 23 are intended to promote efficiency as well, and in that regard are as relevant to collective actions as to class actions." *Id.*

Similarly, in *Herrington v. Waterstone Mortgage Corp.*, 907 F.3d 502 (7th Cir. 2018), the Seventh Circuit more recently stressed that the forms of an arbitrable FLSA collective action and class action "are so closely related that the same analysis applies." *Id.* at 507; *see also id.*, n.4 (noting that class and collective actions "are not identical" but emphasizing that "[t]hey are nonetheless closely related. For this reason, we have applied legal standards developed for class actions to collective actions."); *see also Berger v. Perry's Steakhouse of Ill., LLC*, 2020 WL 5848374, at *1 (N.D. Ill. Oct. 1, 2020) ("As such, district courts treat [collective actions under the FLSA and class actions under the IMWL] as a single class action and apply the Rule 23 standards when deciding whether to decertify a collective action and a class action in one lawsuit."); *Elder v. Comcast Corp.*, 2015 WL 3475968, at *5 (N.D. Ill. June 1, 2015) (applying Rule 23 standards both to motion for class certification of IMWL claims and decertification of FLSA collective action as "Seventh Circuit precedent remains binding here").[8]

---

[8]      Years earlier, this Court similarly noted that "[w]hile a § 216(b) collective action is not a Rule 23 class action, the two are similar." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1044 (N.D. Ill. 2003) (Norgle, J.). This Court noted a split among federal courts, including courts in this District, about whether a collective action must comply with the requirements of Rule 23, but found it unnecessary to resolve that question. *Id.* at 1044-45. To be sure, federal courts continue to be divided on this issue. As noted in the body, however, the Seventh Circuit's post-*Flores* decisions in *Espenscheid* and *Herrington* as well as the other authorities cited herein support the conclusion that a proposed collective action with a maximum potential "class" of approximately five opt-ins should not be certified.

Consistent with these precedents, district courts in the Seventh Circuit and beyond have declined to conditionally certify potential classes under the FLSA that were even *larger* than the maximum size of the potential collective in the present case. For example, in *Zettler v. Thurs Trucking, Inc.*, 2019 WL 1929205 (W.D. Wis. Apr. 30, 2019), the plaintiff moved for conditional certification under the FLSA of a class of current and former truck drivers. The parties agreed that no more than 18 drivers would be eligible for the proposed class. The court denied conditional certification because "[e]ven assuming a 100 percent opt-in rate, this is far fewer than necessary to satisfy the numerosity requirement for a class under § 216(b)." *Id.* at *1. The court acknowledged that on a motion for conditional certification, the court typically does not consider whether the proposed class will survive decertification. *Id.* "But in this case, the writing is on the wall: decertification is inevitable because [plaintiff] cannot satisfy Rule 23's first requirement: that 'the class is so numerous that joinder of all members is impracticable.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(1)); *see also Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, 2018 WL 4760798, at *9 (M.D. Fla. July 31, 2018) ("this Court has denied motions for conditional certification when a plaintiff fails to establish a class large enough to warrant conditional certification"), *R. & R. adopted*, 2018 WL 4773107 (M.D. Fla. Aug. 15, 2018); *Walker v. Jefferson Cnty. Bd. of Educ.*, 2016 WL 1117643, at *7 (N.D. Ala. Mar. 22, 2016) (denying conditional certification under FLSA and noting that "other district courts have declined to certify classes when there appear to be few potential plaintiffs").

Relatedly, several district courts in the Seventh Circuit have decertified FLSA classes where the number of opt-ins is so small that the numerosity element could not possibly be satisfied. For example, in *Koch v. Jerry W. Bailey Trucking, Inc.*, 2019 WL 2138775 (N.D. Ind. May 16, 2019), the plaintiff sought certification of classes under the FLSA and Indiana law. The court noted

that "[a] court must rely on common sense when determining whether a class size meets the numerosity requirement." *Id.* at \*3. The court explained that when it originally certified the class and collective actions, the potential number of class members was 60 or more, based upon the affidavits of the two plaintiffs. *Id.* But only 14 members of the FLSA collective action opted in, and "[t]hese numbers, taken alone, do not support a finding of sufficient numerosity." *Id.*; *see also De Leon v. Grade A Constr., Inc.*, 2017 WL 6375821, at \*3 (W.D. Wis. Dec. 13, 2017) (decertifying FLSA collective and rejecting plaintiffs' argument that no numerosity requirement applies); *Elder*, 2015 WL 3475968, at \*10 (decertifying FLSA collective after finding plaintiff failed to satisfy numerosity requirement and other elements of Rule 23).

The reasoning of these cases applies with equal force to Hanus's Motion. In the unverified Complaint, Hanus alleged that she was "unable to state the exact number of the collective but believes that the collective exceeds 10 persons." Dkt. 1, ¶ 53. The Complaint pled no additional factual allegations to support that conclusion. Now, in her Motion, Hanus concedes that the scope is even smaller, attesting that she is unable to state the exact number of potential members of the proposed collective but that she believes it "exceeds six persons." Hanus Decl. ¶ 17.

HARTING, in contrast, has provided Centimano's declaration as to the precise number of current or former employees, including Hanus, who held the CSS position at some point in the three years preceding the filing of the Complaint. *See* JC Decl. ¶ 4. As referenced therein, the number is, *at most*, Hanus plus seven other individuals, and the employment of two of those seven ended more than three years before they could potentially opt in to this action. *Id.* Consequently, those two employees' claims would be time-barred even if Hanus somehow could prove a *willful* violation of the FLSA and thereby extend the FLSA's presumptive two-year statute of limitations to three years. *See* 29 U.S.C. § 255(a); *id.* § 256(b); *In re Jimmy John's Overtime Litig.*, 877 F.3d

756, 760 n.3 (7th Cir. 2017) ("in a collective action under the FLSA, the statute of limitations continues to run for each potential opt-in plaintiff until he or she affirmatively opts into the lawsuit"); *Calloway v. AT&T Corp.*, 419 F. Supp. 3d 1031, 1035 (N.D. Ill. 2019) (same).

Furthermore, the few potential opt-ins are not geographically dispersed. They all reside near HARTING's facility in Elgin, Illinois. *See* JC Decl. ¶ 5. Joinder thus is not impracticable, which is another factor weighing against conditional certification in this case. *See, e.g., Koch*, 2019 WL 2138775, at *3-4 (stressing that plaintiffs had not identified any difficulty, much less extreme difficulty, in joining individual members of the class or collective actions, such that "[c]ommon sense compels the Court to find that the numerosity requirement is no longer met, and that the class and collective actions must be decertified."); *De Leon*, 2017 WL 6375821, at *2 (joinder was not impractical "because all of the proposed class members are current or former employees of a single employer at a single location").

In light of the foregoing authorities, a maximum potential FLSA collective action of about five individuals does not come close to satisfying Rule 23's numerosity threshold. *See Anderson v. Weinert Enter., Inc.*, 986 F.3d 773 (7th Cir. 2021) ("Our cases have recognized that 'a forty-member class is often regarded as sufficient to meet the numerosity requirement.'") (citations omitted). Nor is there any compelling reason that otherwise would support granting conditional certification for such a tiny number of potential claimants, especially where, as discussed below, Hanus's Motion cited no evidence of interest in this action by anyone who was (or is) a CSS at HARTING.

## III. Conditional Certification Should Be Denied Because Hanus Fails to Identify Any Other CSS Who Wishes to Join the Lawsuit.

Hanus's Motion should be denied because she fails to identify any other CSS who wishes to opt in to the lawsuit. Courts routinely deny conditional certification on this basis. *See, e.g.,*

*Hadley v. J. Broad. Grp., Inc.*, 2012 WL 523752, at *5 (E.D. Wis. Feb. 16, 2012) (noting that a court should "satisfy itself that there are other employees . . . who desire to 'opt-in'" but no such showing had been made); *Hester v. Phillips 66 Co.*, 2019 WL 1930271, at *8 (S.D. Tex. Apr. 30, 2019) (finding that no "evidence shows that other similarly situated employees want to join"); *O'Donnell v. Robert Half Int'l, Inc.,* 429 F. Supp. 2d 246, 250-51 (D. Mass. 2006) ("plaintiffs have failed to demonstrate that any of the putative class members are interested in joining the suit. Courts have considered such interest to be a requirement to justify conditional certification of a class.").[9]

The same result is warranted here. Hanus is the lone plaintiff and only individual to have opted in to this action during the eight months that this case has been pending. *See* Dkt. 1-2. There is also no evidence that any other individual is interested in opting in. Hanus alleges only that based on her experience talking with other CSSs, "I believe that there would be others that would want to join this lawsuit if notice was sent out and they were made aware of the suit." *See* Hanus Decl. ¶ 16. But that assertion is nothing more than self-serving conjecture, and other courts have rejected similar allegations in the course of denying conditional certification. *See, e.g.*, *Felder v. QED Int'l, LLC*, 2019 WL 3009598, at *3 (S.D. Tex. July 10, 2019) ("[Plaintiff's] beliefs regarding other employees potentially wanting to join the lawsuit after they receive notice is an insufficient preliminary showing that others want to opt in to the lawsuit"); *Shaffer v. M-I, LLC,* 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (finding that "[o]ne valid consent to join . . . and [plaintiff's] vague statement that others may exist [was] insufficient"); *Hester*, 2019 WL 1930271 at *9 (plaintiff did not name the coworkers allegedly interested in joining the lawsuit "or explain why they have not filed affidavits

---

[9]     *See also Mooney v. Advanced Disposal Servs.*, 2008 WL 3843550, at *2 (M.D. Ala. Aug. 14, 2008) (denying certification because three plaintiffs' affidavits "failed to identify even one additional plaintiff interested in joining [the] litigation" and merely "stated belief in existence of other employees who desire to opt-in"); *White v. Kcpar, Inc.*, 2006 WL 1722348, *3 (M.D. Fla. June 20, 2006) ("A showing that others desire to opt in is required before certification and notice will be authorized by the court.").

or consented to join").

While the Seventh Circuit does not appear to have addressed the issue specifically, Hanus's failure to identify any other CSSs by name, much less anyone who (purportedly) wishes to opt in to the lawsuit, weighs against conditional certification. *See, e.g.*, *Lance v. Scotts Co.*, 2005 WL 1785315, *9 (N.D. Ill. July 21, 2005) (denying conditional certification in part because "Plaintiff has failed to come forward with evidence—other than his own hearsay testimony—that other employees shared his concerns . . . Plaintiff has not submitted declarations from like-minded coworkers, nor offered supporting deposition testimony from other" employees); *Hadley*, 2012 WL 523752, at *5 (denying conditional certification in part because "a demonstrable lack of interest in a collective action is a strike against certification."); *Felder*, 2019 WL 3009598, *3 (denying motion for conditional certification given "insufficient preliminary showing that others want to opt in to the lawsuit"). Hanus does not even mention a single CSS by name in her entire declaration.

## IV.   Hanus's Proposed Notice Is Inappropriate and Should Not Issue.

Even if the Court were to grant Hanus's Motion—and it should not—her proposed notice program should be substantially modified. For example, Hanus's proposal (Mot. ¶ 10) for a workplace posting would be inappropriate under the circumstances. *See Howard v. Securitas Sec. Servs., USA Inc.*, 2009 WL 140126, at *9 (N.D. Ill. Jan. 20, 2009) (request to "post the notice in [defendant's] branches . . . unnecessary and overly intrusive"). So too would Hanus's requested "Reminder" notice (Mot. ¶ 7) and other language in the notice improperly encouraging opting in or expressing opinions about the case's merits. *See* Dkt. 14-1 ¶ 6 ("you may be entitled to recovery just because you were employed by Harting" in the position since October 5, 2018); *id*. ¶ 11 ("you should not be discouraged from participating…"); *Smallwood v. Illinois Bell Telephone Co*., 710 F. Supp. 2d 746, 753-754 (N.D. Ill. 2010) (notice should avoid "encouragement by the Court to

join the lawsuit" and finding reminder notice "unnecessary").[10] The notice also misleadingly states that "a trial will be held" if "the case is not settled." Dkt. 14-1 ¶ 3; *see Fields v. Bancsource, Inc.*, 2015 WL 3654395, at *5-6 (N.D. Ill. June 10, 2015) (rejecting "misleading" language in notice).

In addition, in the proposed notice and collective definition, Hanus refers to a non-existent job title: "Customer Service Representative" rather than "Customer Service Specialist." Dkt. 14-1 (referring to "Customer Service Representatives"); *see supra* at 2 n.2 (describing correct title). For the position, moreover, the relevant employer would be "HARTING, Inc. of North America" rather than the entity named in the notices: "Harting, Inc." *See, e.g.*, Dkt. 14-1; *see supra* at 1 n.1.

Given these issues and others, if the Court were inclined to grant Hanus's Motion, HARTING respectfully requests that the Court (1) provide the parties an opportunity to meet and confer to address and correct the deficiencies and issues in the proposed notice program, such as those set forth above; and (2) if an agreement cannot be reached, set a date certain by which the parties may submit a short status report identifying any remaining disagreements. *See, e.g.*, *Haugen v. Roundy's Illinois, LLC*, 2019 WL 12056344, at *4 (N.D. Ill. Dec. 13, 2019) (ordering the parties "to meet-and-confer in an attempt to resolve their disputes over the appropriate means of transmitting notice").

## CONCLUSION

For the reasons stated above, HARTING respectfully requests that the Court deny Hanus's Motion. In the alternative, should the Court grant Hanus's Motion, HARTING requests that the parties have the opportunity to meet and confer to address the deficiencies and issues in the proposed notice program, including those set forth herein.

---

[10]     Hanus cites cases in support of the reminder mailing (*see* Dkt. 15 at 13 & n.6), but none arose in this District. Hanus also does not appear to cite any authority for the workplace posting, and such a posting would be unwarranted under *Howard* and other cases.

PUBLIC VERSION

Date:   June 6, 2022

Respectfully submitted,

/s/ *Andrew S. Rosenman*
Andrew S. Rosenman
David S. Levine
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
arosenman@mayerbrown.com
dlevine@mayerbrown.com

*Counsel for Defendant*

**PUBLIC VERSION**

<u>**CERTIFICATE OF SERVICE**</u>

      I, David S. Levine, an attorney, hereby certify that on June 6, 2022, I caused a true and correct copy of the foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all persons by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                    <u>/s/ *David S. Levine*</u>
                    David S. Levine
                    MAYER BROWN LLP
                    71 South Wacker Drive
                    Chicago, IL 60606
                    (312) 782-0600
                    dlevine@mayerbrown.com