IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MICHELLE HANUS, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 1:21-cv-5289-ARW

**HARTING, INC. OF NORTH AMERICA**          **DEFENDANT**

## ANSWER TO COUNTERCLAIM

Counter-Defendant Michelle Hanus ("Hanus"), individually and on behalf of all others similarly situated, by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, and for her Answer to Counterclaim filed by Counter-Plaintiff HARTING, Inc. of North America ("HARTING"), she states and alleges as follows:

### INTRODUCTION

1. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████

**ANSWER**: ████████████████████████████████
████████████████████████████████████████
████████████████████████ Hanus denies the remaining allegations of Paragraph 1 of the Counterclaim.

2. In October 2021, Hanus filed this putative collective action and consent to join, asserting claims under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") based on allegations related to her employment with HARTING. See Dkt. 1 and 1-2. On April 29, 2022, Hanus filed a motion for conditional certification of a collective action in the case. See Dkt. 14.

**ANSWER**: Hanus admits the allegations in Paragraph 2 of the Counterclaim.

3. [REDACTED] HARTING accordingly has filed this Counterclaim and seeks damages from Hanus.

**ANSWER**: Hanus denies the allegations in Paragraph 3 of the Counterclaim.

## PARTIES

4. Counter-Plaintiff HARTING, Inc. of North America is incorporated in the State of Delaware and its registered Illinois agent for service of process is Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER**: Hanus admits the allegations in Paragraph 4 of the Counterclaim.

5. Counter-Defendant Hanus is an individual who alleges that she is a resident of Kane County, Illinois. See Dkt. 1 ¶ 10.

**ANSWER**: Hanus admits the allegations in Paragaph 5 of the Counterclaim.

## NATURE OF THE COUNTERCLAIM

6. This counterclaim arises for breach of contract.

**ANSWER**: Paragraph 6 of the Counterclaim is a legal conclusion to which no response is required. To the extent a response is required, Hanus denies the allegations in Paragraph 6.

7. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a). There is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the counterclaim is so related to Hanus's claims against HARTING that the claims form part of the same case or controversy.

**ANSWER**: Hanus denies the allegations in Paragraph 7 of the Counterclaim.

8. This Court has personal jurisdiction over Hanus because she alleges that she resides in this District; because many of the actions giving rise to this counterclaim occurred in, and/or were directed from, this District; and because Hanus filed her complaint in this District.

**ANSWER**: Hanus admits the allegations in Paragraph 8 of the Counterclaim.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**ANSWER**: Hanus admits the allegations in Paragraph 9 of the Counterclaim.

## FACTUAL ALLEGATIONS

A. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

10. HARTING, Inc. of North America employed Hanus as a Customer Service Specialist from November 2019 to August 2021.

**ANSWER**: Hanus admits the allegations in Paragraph 10 of the Counterclaim.

11. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**ANSWER**: ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Hanus denies the remaining allegations in Paragraph 11 of the Counterclaim.

12. ██████████████████████████████████████

██████████████████████████████████████

████████████████████

**ANSWER**: Hanus denies the allegations in Paragraph 12 of the Counterclaim.

██████████████████████████████████████

13. ██████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

**ANSWER**: ██████████████████████████████

████████████ Hanus denies the remaining allegations in Paragraph 13 of the Counterclaim.

14. ██████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████

**ANSWER**: ██████████████████████████████

████████████ Hanus denies the remaining allegations in Paragraph 14 of the Counterclaim.

15. ██████████████████████████████

**ANSWER**: Hanus admits the allegations in Paragraph 15 of the Counterclaim.

16. ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

**ANSWER**: ███████████████████████████████████████████████

███████ Hanus denies the remaining allegations in Paragraph 16 of the Counterclaim.

**B.** ███████████████████████████████

17. In October 2021, Hanus filed this putative collective action and consent to join, asserting claims under the FLSA and IMWL based on allegations related to her employment with HARTING. See Dkt. 1 and 1-2.

**ANSWER**: Hanus admits the allegations in Paragraph 17 of the Counterclaim.

18. On April 25, 2022, Hanus's counsel informed HARTING's counsel that Hanus intended to file a motion for conditional certification.

**ANSWER**: Hanus admits the allegations in Paragraph 18 of the Counterclaim.

19. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████

**ANSWER**: Hanus admits the allegations in Paragraph 19 of the Counterclaim.

20. Despite this communication, Hanus filed a motion for conditional certification of a collective action on April 29, 2022. See Dkt. 14.

**ANSWER**: Hanus admits the allegations in Paragraph 20 of the Counterclaim.

21. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

**ANSWER**: Hanus lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 of the Counterclaim and therefore denies those allegations.

22. ███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

**ANSWER**: Hanus admits the allegations in Paragraph 22 of the Counterclaim.

23. Hanus's counsel informed HARTING's counsel on June 3, 2022, that Hanus would not withdraw the motion.

**ANSWER**: Hanus admits the allegations in Paragraph 23 of the Counterclaim.

24. On June 6, 2022, HARTING filed its Brief in Opposition to Plaintiff's Motion for Conditional Certification. See Dkt. 24. HARTING has needed to devote significant resources to preparing and filing this brief and otherwise opposing Hanus's motion for conditional certification.

**ANSWER**: Hanus admits that HARTING filed its Brief in Opposition to Plaintiff's Motion for Conditional Certification on June 6, 2022. Hanus lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 24 of the Counterclaim and therefore denies those allegations.

# FIRST COUNTERCLAIM FOR RELIEF
### (Breach of Contract)

25. HARTING incorporates paragraphs 1-24 of this Counterclaim as if each of those paragraphs is fully set forth herein.

**ANSWER**: This paragraph doesn't warrant a response but for formal purposes, denied.

26. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ANSWER**: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Hanus denies the remaining allegations in Paragraph 26 of the Counterclaim.

27. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ANSWER**: Hanus admits the allegations in Paragraph 27 of the Counterclaim.

28. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ANSWER**: Hanus denies the allegations in Paragraph 28 of the Counterclaim.

29. Hanus's conduct has proximately caused damages to HARTING, including but not limited to requiring that HARTING expend substantial time, fees and resources opposing Hanus's motion for conditional certification.

**ANSWER**: Hanus denies the allegations in Paragraph 29 of the Counterclaim.

## PRAYER FOR RELIEF

Hanus denies that HARTING is entitled to any relief in this action as described in the Prayer for Relief paragraph or any of its subparts, A through D.

## JURY DEMAND

Hanus acknowledges HARTING's demand for trial by jury on the claims presented in the Counterclaim.

## GENERAL DENIAL

Hanus denies each and every allegation in the Counterclaim that is not expressly and unequivocally admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

1. HARTING failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b).

2. HARTING's claims are barred, wholly or in part, by estoppel, unclean hands, release, payment, laches, waiver, accord and satisfaction, or indemnification, as well as any other defenses and/or affirmative defenses in Fed. R. Civ. P. 8(c) and 12(h).

3. HARTING's claims fail because HARTING has no adequate remedy at law.

4. Hanus affirmatively pleads failure of consideration as a complete bar to HARTING's claims.

5. Hanus affirmatively pleads breach by HARTING as a complete bar to HARTING's claims.

6. Hanus affirmatively pleads improper notice of breach by HARTING as a

complete bar to HARTING's claims.

7. HARTING's claims are barred, in whole or part, to the extent it failed to exercise reasonable diligence to avoid the harm allegedly suffered.

8. ███████████████████████████

9. ███████████████████████████

10. Rule 12(b)(1) bars prosecution of the Counterclaim.

11. Hanus reserves the right to assert additional affirmative defenses or defenses of which she becomes knowledgeable during the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, having Answered HARTING's Counterclaim, Hanus respectfully requests as follows:

A. That HARTING recover nothing by its Counterclaim;

B. Judgment be entered in favor of Hanus for all costs and attorneys' fees incurred in defense of this Counterclaim; and

C. Hanus recover such other and further relief as this Court may judge necessary, just and proper.

Respectfully submitted,

**MICHELLE HANUS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com