# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff/Counter-Defendant, | Case No. 1:21-cv-05289 |
| v. | Hon. Andrea R. Wood |
| HARTING, INC. OF NORTH AMERICA, | |
| Defendant/Counter-Plaintiff. | |

## DEFENDANT/COUNTER-PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1
FACTUAL BACKGROUND ................................................................................................ 2
PROCEDURAL BACKGROUND ........................................................................................ 3
ARGUMENT ......................................................................................................................... 6
    I.     This Court Should Grant Summary Judgment To HARTING On Its Counterclaim As To Hanus's Liability For Breach Of Contract. ......................... 6
    II.    This Court Should Grant Summary Judgment In Favor Of HARTING On Count II Of The Complaint Because Hanus Is Barred From Proceeding With The Collective Action. .................................................................................. 11
CONCLUSION ................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aiello v. Invision Mktg. Sols.*,
 2019 WL 1875354 (N.D. Ill. Apr. 26, 2019) ............................................................................6

*Armour v. Mohan*,
 2020 WL 2098051 (N.D. Ill. May 1, 2020) ...........................................................................12

*Benedict v. Hewlett-Packard Co.*,
 2016 WL 1213985 (N.D. Cal. Mar. 29, 2016) .......................................................................11

*Brown v. Sears Holdings Mgmt. Corp.*,
 2009 WL 2514173 (N.D. Ill. Aug. 17, 2009) ................................................................ passim

*Copello v. Boehringer Ingelheim Pharms., Inc.*,
 812 F. Supp. 2d 886 (N.D. Ill. 2011) ............................................................................ passim

*Epic Systems Corp. v. Lewis*,
 138 S. Ct. 1612 (2018) ...........................................................................................................10

*Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*,
 2021 WL 5763577 (S.D. Fla. Dec. 3, 2021) ..........................................................................11

*Fuqua v. SVOX AG*,
 2014 IL App (1st) 131429 ........................................................................................................7

*GemShares LLC v. Lipton*,
 2019 WL 587392 (N.D. Ill. Feb. 13, 2019) ...........................................................................11

*Jada Toys, Inc. v. Chicago Imp., Inc.*,
 2009 WL 3055370 (N.D. Ill. Sept. 18, 2009) ..........................................................................7

*Khorloo v. John C. Heath Att'y at L., PLLC*,
 2021 WL 1192557 (N.D. Ill. Mar. 30, 2021) (Wood, J.) .........................................................6

*LKQ Corp. v. Rutledge*,
 2022 WL 1720590 (N.D. Ill. May 27, 2022) ...........................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) .................................................................................................................6

*NHC, LLC v. Centaur Constr. Co.*,
 2022 WL 823878 (N.D. Ill. Mar. 18, 2022) .............................................................................7

*Niiranen v. Carrier One, Inc.*,
 2022 WL 103722 (N.D. Ill. Jan. 11, 2022) (Wood, J.) ...................................................... 10-12

**Statutes & Rules**

Federal Rule of Civil Procedure 12 ...............................................................................................12

Federal Rule of Civil Procedure 56 .................................................................................................6

Local Rule 56.1(a)(2) ......................................................................................................................2

# INTRODUCTION

Shortly after Counter-Plaintiff HARTING, Inc. of North America ("HARTING") terminated the employment of Counter-Defendant Michelle Hanus ("Hanus") in August 2021, Hanus and HARTING entered into a written, fully-executed Employee Separation and General Release Agreement (the "Agreement"). ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The Agreement also contained exceptions to the release, including for claims that, by law, Hanus cannot waive.

HARTING fulfilled its obligations under the Agreement. It timely made the severance payment to Hanus, but Hanus did not fulfill her end of the bargain. Instead, barely one month after she signed the Agreement, and only after she collected the severance payment from HARTING, Hanus initiated this wage and hour lawsuit, alleging in part that HARTING misclassified her as an "exempt" employee and therefore did not pay her correctly under federal and Illinois law. In that regard, Counts I and III of the Complaint seek individual relief under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), respectively.

If Counts I and III were the lone wage and hour claims Hanus pursued in this lawsuit, HARTING neither would have filed a Counterclaim against Hanus for breach of contract (Dkt. 34), nor would have filed the present motion for partial summary judgment. Indeed, Hanus could not waive her individual wage and hour claims through a private separation agreement without the approval of either a court or the Department of Labor.

But Hanus's Complaint went further. She flouted her obligations under the Agreement by pursuing a collective action under the FLSA in Count II of her Complaint. The proposed collective

1

action violates—as a matter of law—the unambiguous terms of Hanus's release in the Agreement. Several courts in this District have granted motions for summary judgment—and thereby barred a plaintiff from proceeding with a collective action—based on collective and/or class action waivers that were *nearly identical to the language contained in Hanus's release*. Furthermore, Your Honor cited those same decisions with approval in 2022—and upheld a class action waiver—in a related case that included claims filed under the Illinois Wage Payment and Collection Act. The propriety of summary judgment is also bolstered by Hanus's June 14, 2023 Answer to the Counterclaim (Dkt. 65), wherein Hanus admits that she entered into the Agreement, that she received the severance payment from HARTING, and that HARTING fully performed all of its obligations under the Agreement.

Accordingly, HARTING seeks partial summary judgment: **(1)** as to liability on its Counterclaim for breach of contract, which seeks a declaration that she breached the contract and requests such other and further relief as may be just, proper and equitable (Dkt. 34, p. 25); and **(2)** as to Count II of the Complaint, which should be dismissed with prejudice. As a result, this Court should issue a declaration or other judgment that Hanus may not proceed with her proposed collective action.

## FACTUAL BACKGROUND

Hanus worked as a Customer Service Specialist ("CSS") at HARTING from November 2019 to August 2021. SOF ¶¶ 1, 3.[1] In connection with the termination of her employment on August 6, 2021, HARTING offered—and Hanus accepted—a severance package pursuant to the Agreement. *Id.* ¶¶ 4, 14, 15. The Agreement provided financial compensation to Hanus in

---

[1] In this brief, "SOF" refers to HARTING's concurrently-filed Local Rule 56.1(a)(2) Statement of Material Facts. "Ex. A" refers to the concurrently-filed Exhibit A to the Declaration of Jennifer Centimano.

2

exchange for her written release of claims against HARTING, except as to certain claims, such as those which, by law, Hanus could not waive. *Id.* ¶¶ 5-7; Ex. A, p. 2, § 4. Hanus's release also included the following provisions:



SOF ¶ 7.

The Agreement also provides that in the event of a breach, "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Ex. A, p. 4, § 8. Hanus and HARTING executed the Agreement in August 2021. SOF ¶¶ 8-14. Hanus did not exercise her right to revoke her acceptance. *Id.* ¶ 15. HARTING thereafter made the severance payment to Hanus. *Id.* ¶ 16. As Hanus has admitted, HARTING fully performed all of its obligations under the Agreement. *Id.* ¶ 17.

## PROCEDURAL BACKGROUND

In October 2021, Hanus filed this putative collective action asserting claims under the FLSA and IMWL. *See* Dkt. 1 (the "Complaint"). While Counts I and III of the Complaint seek only individual relief under each of those statutes, Count II, entitled "Collective Action Claim for Violation of the FLSA," seeks "damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA." *Id.* ¶ 67; *see also id.* ¶¶ 47-56 ("Representative Action Allegations"). Hanus also attached to the Complaint her signed "Consent to Join Collective Action." *See* Dkt. 1-2.

In April 2022, upon learning that Hanus intended to file the motion for conditional certification, counsel for HARTING requested that Hanus not do so in light of the Agreement. *See* Dkt. 65, Answers to Counterclaim ¶¶ 18-19. Hanus nonetheless filed a motion for conditional certification of a proposed collective consisting of "[a]ll Customer Service Representatives who worked for Defendant at any time after October 5, 2018." *Id.* ¶ 20; *see also* Dkt. 14, ¶ 2. After the filing, HARTING requested that Hanus withdraw the motion. *See* Dkt. 65, ¶¶ 21-23. But Hanus refused to do so, and HARTING therefore filed a brief in opposition to conditional certification and, shortly thereafter, its Counterclaim for breach of contract. *See* Dkts. 24, 34. Both filings invoked the Agreement. HARTING argued that the conditional certification motion should be denied because Hanus waived her right to pursue a collective action, and in its Counterclaim, HARTING contended that Hanus committed a breach of contract by pursuing a collective action in violation of the express terms of the Agreement. *See generally id.* Hanus later moved to dismiss the Counterclaim, and HARTING opposed the dismissal motion. *See* Dkts. 36, 42.

In May 2023, this Court denied Hanus's motion to dismiss the Counterclaim but granted her motion for conditional certification. *See* Dkt. 62 (the "Order"). On the motion to dismiss, and as relevant here, the Court noted multiple cases in this District where "the named plaintiff signed an agreement pledging not to become 'a member of any class in a case in which claims are asserted' against their employer," and "in each case, the defendant successfully invoked the contractual clause to prevent the putative named plaintiff from establishing a collective action." *See id*. at 6 (citing *Copello v. Boehringer Ingelheim Pharms*., *Inc.*, 812 F. Supp. 2d 886 (N.D. Ill. 2011) ("*Copello*") and *Brown v. Sears Holdings Mgmt. Corp*., 2009 WL 2514173 (N.D. Ill. Aug. 17, 2009) ("*Brown*")). On the basis of these cases and others, the Court concluded that HARTING's Counterclaim could proceed, and therefore denied Hanus's dismissal motion. *See* Order at 6-7.

These same cases also played a significant role in the conditional certification analysis. In particular, in opposing conditional certification, HARTING had cited the *Copello* and *Brown* decisions, where the plaintiffs in those cases were barred from proceeding on a collective basis given their separation agreements with materially identical provisions to Hanus's Agreement. *See* Dkt. 24 at 5-8. In granting conditional certification, however, the Court distinguished those cases on the basis that they "arose after the defendant affirmatively sought judgment in its favor on the merits of the plaintiff's claim." *See* Order at 3. *Copello*, the Court noted, "involved the plaintiff's motion for conditional certification, but also the defendant's motion for partial summary judgment on its counterclaim that the plaintiff had waived her collective action right." *Id.* And *Brown,* the Court wrote, "involved a defendant's motion for summary judgment on its counterclaim for declaratory judgment that the plaintiff had breached a similar collective action waiver clause." *Id.* Because "*Copello* and *Brown* did not simply deny conditional certification" but also "granted the defendants' respective motions for summary judgment," the Court held that the cases were distinguishable because HARTING had not filed a motion for summary judgment. *See id*.

HARTING now moves for partial summary judgment. As described below, incontrovertible evidence and Hanus's June 14, 2023 Answer to the Counterclaim establish that Hanus breached the Agreement by, among other things, pursuing a collective action. HARTING therefore seeks partial summary judgment on its breach-of-contract Counterclaim as to liability. Similarly, because the Agreement prevents Hanus from proceeding on a collective basis, HARTING also moves for partial summary judgment because Count II of the Complaint implicates the exact same issue by seeking to proceed with a collective action. On either basis, the Court should bar Hanus from pursuing a collective action in this case.

# ARGUMENT

Under Federal Rule of Civil Procedure 56, "a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In determining whether there is a genuine issue of fact for trial, courts draw reasonable inferences in favor of the nonmovant, but "a factual dispute will defeat a motion for summary judgment only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Khorloo v. John C. Heath Att'y at L., PLLC*, 2021 WL 1192557, at *4 (N.D. Ill. Mar. 30, 2021) (internal quotation marks omitted) (Wood, J.). Indeed, the "mere existence of some alleged factual dispute" is not enough to defeat summary judgment. *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").[2]

**I.    This Court Should Grant Summary Judgment To HARTING On Its Counterclaim As To Hanus's Liability For Breach Of Contract.**

This Court should grant summary judgment in favor of HARTING on its breach of contract Counterclaim as to liability. Under Illinois law, summary judgment is warranted on a breach of contract claim where the movant shows: (1) the existence of a valid and enforceable contract; (2)

---

[2] As referenced in the Introduction of this Brief, HARTING's partial motion for summary judgment does *not* seek summary judgment on Hanus's *individual* wage and hour claims in Counts I and III. HARTING has not asserted that Hanus's execution of the release in the Agreement extinguishes her individual wage and hour claims under the FLSA or IMWL, because many courts have held that individual wage and hour claims cannot be released without the approval of a court or the Department of Labor. *See, e.g., Aiello v. Invision Mktg. Sols.*, 2019 WL 1875354, at *3 (N.D. Ill. Apr. 26, 2019). The parties also have not begun discovery on the merits of Hanus's individual claims that she was misclassified as exempt. HARTING reserves its right to file a summary judgment motion, as may be appropriate, addressing Hanus's individual wage and hour claims following the completion of discovery by the parties.

substantial performance by the movant; (3) a breach by the non-movant; and (4) resultant damages. *See NHC, LLC v. Centaur Constr. Co.*, 2022 WL 823878, at *7 (N.D. Ill. Mar. 18, 2022).[3]

HARTING has established each element of the claim. As to the first element, to "establish the formation of a valid and enforceable contract under Illinois law, a plaintiff must prove that there was an offer, acceptance and existence of valuable consideration." *Jada Toys, Inc. v. Chicago Imp., Inc.*, 2009 WL 3055370, at *6 (N.D. Ill. Sept. 18, 2009) (internal quotation marks omitted). Here, the Agreement included an offer by HARTING for, among other things, compensation in exchange for a release, and Hanus accepted the offer by signing the Agreement on or around August 26, 2021 and not revoking her signature. *See supra* at pp. 2-3; *see, e.g.*, *Fuqua v. SVOX AG*, 2014 IL App (1st) 131429, ¶¶ 32, 37 (agreeing that "there was an offer and acceptance . . . as evidenced by the signed agreement"). Hanus admits that she received the payment called for in the Agreement, and her release of rights and claims to HARTING constituted valuable and sufficient consideration under Illinois law. *See* SOF ¶¶ 17, 20; *Fuqua*, 2014 IL App (1st) 131429, ¶¶ 32, 37 (agreeing that "mutual promises . . . constitute sufficient consideration").

The other three elements are also easily satisfied. With respect to HARTING's performance, Hanus admits that she received the payment and further admits in her Answer to the Counterclaim that HARTING fully performed its obligations under the Agreement. *See* SOF ¶¶ 17, 20. ███████████████████████████████████████████████████████████████

---

[3] Illinois law applies to the breach of contract claim because the Agreement provides that it is governed by Illinois law, and all or nearly all of the actions in the case occurred in Illinois, where Hanus also resides and worked for HARTING. *See* SOF ¶¶ 2, 11; *LKQ Corp. v. Rutledge*, 2022 WL 1720590, at *2 (N.D. Ill. May 27, 2022) (describing choice-of-law analysis).

7

██████████████████████████████████████ *See* SOF ¶ 7; *Brown*, 2009 WL 2514173, at *1, *4 (concluding that the plaintiff "breached the terms of the release" by "pursuing" the collective action); *Copello*, 812 F. Supp. 2d at 897 (holding that Copello "cannot pursue an FLSA collective action" given her agreement). Moreover, HARTING has been damaged by Hanus's breach. Among other things, HARTING has had to expend substantial time, fees and resources responding to Count II of the Complaint and opposing Hanus's motion for conditional certification. *See* SOF ¶ 19; Dkt. 24; Ex. A, p. 4, § 8.

HARTING anticipates that Hanus may assert that the collective-action waiver to which she agreed is somehow unenforceable. But, as noted above, multiple decisions in this District have enforced materially identical releases in the course of granting summary judgment to the employer and barring the respective plaintiffs from pursuing collective actions. The chart below compares the principal provision in Hanus's Agreement to the relevant provision in *Copello* and *Brown*.

| **Hanus's Agreement** | ***Copello*'s Agreement** | ***Brown*'s Agreement** |
|---|---|---|
| "████████████████████████████████████████████████████████████████████████████████████."[4] | "Employee further waives and gives up any right to become, and promises not to consent to become, a member of any class in a case in which claims are asserted against the Company that are related in any way to Employee's employment or the termination of Employee's employment with the Company."[5] | "I ... waive and give up any right to become, and promise not to consent to become, a member of any class in a case in which claims are asserted against [Sears] that are related in any way to my employment or the termination of my employment with [Sears]."[6] |

---

[4] *See* SOF ¶ 7.

[5] *Copello*, 812 F. Supp. 2d at 890.

[6] *Brown*, 2009 WL 2514173, at *1.

The primary difference between these provisions is that Hanus's Agreement specifically refers to "collective" actions, whereas the agreements in *Copello* and *Brown* refer only to "class" actions. As the court in *Copello* explained, because "the term 'class' in [the agreement] undoubtedly encompasses a group of employees opting into an FLSA action under § 216(b)," that difference is immaterial. *See Copello*, 812 F. Supp. 2d at 893; *see also Brown*, 2009 WL 2514173, at *5 (applying provision quoted above in context of purported collective action); *see also* Order at 6 (citing *Copello* and *Brown* in denying Hanus's motion to dismiss the Counterclaim). To the extent the difference matters at all, however, it renders Hanus's provision *more* comprehensive than the provisions in *Copello* or *Brown*.

*Copello* and *Brown* each demonstrate that this Court should grant summary judgment in favor of HARTING vis-à-vis Hanus's pursuit of a collective action. In *Copello*, for example, the named plaintiff had moved to certify a collective action, and the defendant both opposed certification and moved for summary judgment on its counterclaim seeking to enforce the contract provision quoted in the table above. After analyzing the contractual language, Judge Feinerman concluded that the provision applied to the named plaintiff and prohibited her "from leading or participating in a collective action." *Copello*, 812 F. Supp. 2d at 893. Judge Feinerman granted the employer's motion for partial summary judgment on its counterclaim because the provision, "by its terms, waives [the plaintiff's] right to lead or participate in a Rule 23 class action or a § 216(b) collective action, and because the waiver is neither invalid nor unenforceable under FLSA and state law." *Id*. at 897.

In *Brown*, the named plaintiff filed a complaint pursuing a collective action, and the defendant-employer filed a counterclaim seeking a declaratory judgment that the plaintiff "breached the terms of the release" quoted in the table above by pursuing the collective action.

9

*Brown*, 2009 WL 2514173, at *1. Shortly thereafter, the plaintiff filed a motion to dismiss the counterclaim, and the employer moved for summary judgment on the counterclaim. In his decision, Judge Kocoras had little trouble denying the plaintiff's motion to dismiss and granting summary judgment to the employer. Judge Kocoras explained that the agreement "precludes Brown from pursuing a class action under § 216(b) of the FLSA," and because Brown did just that, the court granted the employer's motion for summary judgment on its counterclaim. *Id*. at *4, *5.

Just last year, Your Honor upheld a class action waiver under another Illinois wage statute—the Illinois Wage Payment and Collection Act. *See Niiranen v. Carrier One, Inc*., 2022 WL 103722, at *7 (N.D. Ill. Jan. 11, 2022) (Wood, J.). In so doing, Your Honor recognized that "even as to the FLSA, several courts in this Circuit have held that § 216(b) does not give a plaintiff an unwaivable right to bring a collective action." *Id.* In recognizing this principle, Your Honor cited both *Copello* and *Brown* and quoted *Copello*'s holding that while the "FLSA prohibits *substantive* wage and hour rights from being contractually waived, it does not prohibit contractually waiving the *procedural* right to join a collective action." *Niiranen*, 2022 WL 103722, at *7 (quoting *Copello*, 812 F. Supp. 2d at 894) (emphasis in original). This same procedural waiver bars Hanus from pursuing a collective action in the present case.[7]

---

[7] ██████████████████████████████████████████████ Specifically, in *Niiranen*, Your Honor explained that the Supreme Court, in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), reversed the Seventh Circuit's decision that an employee, in an employment agreement that mandated individual arbitration, could not waive the right to proceed with a class or collective action because it purportedly violated the National Labor Relations Act (NLRA). *Niiranen*, 2022 WL 103722, at *6. Your Honor noted that the Supreme Court "required the arbitration agreement to be enforced as written (*i.e.*, as permitting individual arbitration only)." *Id.* Your Honor then turned to the plaintiffs' argument that the Seventh Circuit's decision in *Lewis* still applied outside of the arbitration context. Your Honor pointed to and analyzed the Supreme Court's language in *Lewis* and stressed: "The problem with Plaintiffs' argument is that the Supreme Court did not simply conclude that the FAA was not displaced by the NLRA." *Id.* Your Honor then concluded: "Thus,

10

███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████ This Court, like the courts in *Copello* and *Brown*, should therefore grant summary judgment as to liability on HARTING's Counterclaim for breach of contract. *See Copello*, 812 F. Supp. 2d at 894, 897; *Brown*, 2009 WL 2514173, at *1, *5; *see also GemShares LLC v. Lipton*, 2019 WL 587392, at *2 (N.D. Ill. Feb. 13, 2019) (granting movant's "motion for partial summary judgment with respect to . . . liability for breach of contract" and deferring "the issue of appropriate damages"). Consistent with the Prayer for Relief in the Counterclaim, this Court should also declare that Hanus breached the contract, bar Hanus from proceeding with a collective action, and award HARTING such other and further relief as the Court deems just, proper and equitable.

**II.     This Court Should Grant Summary Judgment In Favor Of HARTING On Count II Of The Complaint Because Hanus Is Barred From Proceeding With The Collective Action.**

This Court should also grant summary judgment in favor of HARTING (in its capacity as the Defendant) on Count II of the Complaint. As noted above, in Count II of the Complaint, Hanus improperly seeks to proceed with a collective action despite the terms of the Agreement. *See* Complaint ¶ 67. In the prior briefing on the motion for conditional certification, and, even earlier, in calls and written communications preceding the filing of that motion, counsel for HARTING

---

there is no reason to believe that any part of the Seventh Circuit's rationale in *Lewis* survives such that it would preclude enforcement of a class-action waiver outside of the arbitration context." *Id.*; *see also Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*, 2021 WL 5763577, at *6 (S.D. Fla. Dec. 3, 2021) ("the unavailability of an arbitral forum must not render a collective action waiver unenforceable"); *Benedict v. Hewlett-Packard Co.*, 2016 WL 1213985, at *5 (N.D. Cal. Mar. 29, 2016) (enforcing similar waiver "regardless of whether or not the waiver is made in the context of arbitration").

repeatedly advised Hanus's counsel that Hanus was barred by the release from pursuing a collective action. Moreover, HARTING also pled as an affirmative defense in its Answer that "Plaintiff's claims, . . . including but not limited to her status as a class or collective action representative, are barred by," among other things, "release," "agreement," "settlement," and "waiver." Dkt. 34, Affirmative and Other Defenses, ¶ 9.

For the same reasons described in Argument I above, this Court should grant summary judgment in favor of HARTING on Hanus's request to pursue a collective action, and should therefore dismiss Count II of the Complaint with prejudice. *See, e.g.*, *Copello*, 812 F. Supp. 2d 897 (granting summary judgment because separation agreement "waives [plaintiff's] right to lead or participate in a Rule 23 class action or a § 216(b) collective action, and because the waiver is neither invalid nor unenforceable under FLSA and state law"); *Brown*, 2009 WL 2514173, at *1, *5 (enforcing waiver of collective and class action claims); *Armour v. Mohan*, 2020 WL 2098051, at *3 (N.D. Ill. May 1, 2020) (granting "summary judgment to defendants on their . . . affirmative defense"); *see also Niiranen*, 2022 WL 103722, at *7 (granting motion to dismiss "to the extent that Plaintiffs seek to bring their claims on behalf of a class of similarly situated Carrier One drivers").[8] On both bases, this Court should grant summary judgment for HARTING on Count II of the Complaint and declare that Hanus is barred from proceeding on a collective basis.

## CONCLUSION

For the reasons stated above, HARTING respectfully requests partial summary judgment on two bases: **(1)** as to liability on its breach-of-contract Counterclaim, and **(2)** as to Count II of the Complaint, which should be dismissed with prejudice. HARTING relatedly requests that the

---

[8] In *Niiranen*, Your Honor could grant the motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiffs had attached the agreement at issue to their First Amended Complaint. *See id*. at *6 n.4. In this case, Hanus did not attach the Agreement to her Complaint.

12

Court declare that Hanus is barred from pursuing a collective action in this case, including through the distribution of notices.

Date:   June 19, 2023                                   Respectfully submitted,

/s/ *Andrew S. Rosenman*
Andrew S. Rosenman
David S. Levine
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
arosenman@mayerbrown.com
dlevine@mayerbrown.com

*Counsel for Defendant/Counter-Plaintiff HARTING, Inc. of North America*

## CERTIFICATE OF SERVICE

      I, David S. Levine, an attorney, hereby certify that on June 19, 2023, I caused a true and correct copy of the foregoing **DEFENDANT/COUNTER-PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all persons by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      /s/ *David S. Levine*
      David S. Levine
      MAYER BROWN LLP
      71 South Wacker Drive
      Chicago, IL 60606
      (312) 782-0600
      dlevine@mayerbrown.com