**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff/Counter-Defendant, | Case No. 1:21-cv-5289 |
| v. | Hon. Andrea R. Wood |
| HARTING, INC. OF NORTH AMERICA, | |
| Defendant/Counter-Plaintiff. | |

_____

## JOINT STATUS REPORT

Plaintiff/Counter-Defendant Michelle Hanus ("Hanus"), individually and on behalf of all others similarly situated, and Defendant/Counter-Plaintiff HARTING, Inc. of North America ("HARTING"), by and through their respective undersigned counsel, submit the following joint status report as required pursuant to this Court's Order dated June 8, 2023 (ECF No. 64). As described in more detail below, the Parties, who continue to confer cooperatively, jointly request that, in light of two recent developments, this Court reserve ruling on the content and timetable for any notices to potential collective action opt-ins until after the Court decides HARTING's now-pending Motion for Partial Summary Judgment (ECF No. 67).

The Parties believe that this joint proposal will save the Court and the Parties significant time and resources. Further, no potential opt-ins would be prejudiced by the Parties' proposed approach because the Parties have agreed that the statute of limitations for any potential opt-ins should be tolled from May 31, 2023 until 14 days after the Court

decides the Motion for Partial Summary Judgment. As HARTING asserts in its motion, granting the Motion for Partial Summary Judgment would result in the end of any putative collective action. Conversely, if the Motion for Partial Summary Judgment is denied, then the Court and the Parties would need to proceed with approval and distribution of notice to potential opt-in plaintiffs, discovery from collective action members, briefing on other potential motions, such as a motion for decertification, and so forth. As additional background, the Parties state as follows:

1. On May 31, 2023, this Court issued an Order (ECF No. 62) addressing Hanus's motion for conditional certification and her motion to dismiss HARTING's Counterclaim. The May 31 Order granted Hanus's motion for conditional certification and approval and distribution of notice and for disclosure of contact information (ECF No. 14), and ordered, among other things, that the Parties meet and confer regarding revisions to the form of notice and reminder notice. *See* ECF No. 62, pp. 1-5. The Court also directed the Parties to file a joint status report by June 7, 2023, which would include an agreed timetable for the notice period as well as copies of the revised form of notice and reminder notice. *See* ECF No. 62, p. 1.

2. The May 31 Order also denied Hanus's Motion to Dismiss HARTING's Counterclaim (ECF No. 37). *See* ECF No. 62, pp. 6-7. The Counterclaim asserts that Hanus breached her contract with HARTING by pursuing a collective action in this case. *See* ECF No. 34.[1]

3. On June 7, 2023, after having conferred in accordance with the May 31

---

[1]    Hanus has not alleged that her individual claim under the Illinois Minimum Wage Law in Count III of the Complaint is suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure, so this is not a "hybrid" class/collective action case.

Order, the Parties filed a Joint Status Report (ECF No. 63), requesting 14 additional days to submit an updated joint status report as the Parties continued to address some of the outstanding issues referenced in that Order. On June 8, 2023, the Court granted the Parties' requested extension to submit their joint status report. *See* ECF No. 64.

4.     There have since been two intervening developments. First, on June 14, 2023, Hanus timely filed her Answer to HARTING's Counterclaim, in accordance with Federal Rule of Civil Procedure 12(a)(4)(A). *See* ECF No. 65. Second, following Hanus's Answer to the Counterclaim, HARTING filed its Motion for Partial Summary Judgment (ECF No. 67) on June 19, 2023. As explained in its supporting Brief (ECF No. 68), HARTING seeks summary judgment as to liability on its Counterclaim (ECF No. 34), and on Count II of Hanus's Complaint (ECF No. 1). HARTING asserts that Hanus is barred from proceeding on a collective basis, and HARTING thus claims that Count II of Hanus's Complaint should be dismissed with prejudice. *See* ECF Nos. 67, 68.

5.     The Parties have conferred further since these two developments. Given the potential impact of the Motion for Partial Summary Judgment on the propriety of the putative collective action, the Parties jointly submit that, at this juncture, briefing and resolving the Motion for Partial Summary Judgment first would be the most efficient way to proceed. Accordingly, the Parties request that the Court set July 14, 2023 as the deadline for Hanus to file her response brief to the Motion for Partial Summary Judgment, and that the Court set July 31, 2023 as the deadline for HARTING's reply brief.

6.     The Parties also request that the deadline to provide a timetable, as appropriate, for any notice period to potential opt-ins as well as copies of any revised form of notice and reminder notice to putative collective action members be continued until 7 days after the Court rules on HARTING's Motion for Partial Summary Judgment, because

the Court's ruling presumably will directly impact the proposed collective action.

7.      If the Court grants HARTING's Motion for Partial Summary Judgment, then distributing notices should be unnecessary because there presumably will no longer be a collective action.  If, on the other hand, the Court denies the Motion for Partial Summary Judgment, the Parties have agreed that the statute of limitations for any potential opt-in plaintiffs should be tolled from May 31, 2023, the date on which the Court granted Hanus's motion for conditional certification, until 14 days after the Court rules on HARTING's Motion for Partial Summary Judgment.

8.      The Parties believe that this proposal should conserve significant resources for both the Parties and the Court. In particular, reserving ruling on the content and timetable for any notices until after the decision on HARTING's Motion for Partial Summary Judgment may obviate the need for the Court to resolve potential disputes related to the notice program, discovery from potential opt-in plaintiffs, any potential discovery disputes related thereto, as well as subsequent motion practice, such as a motion to decertify the collective.  The Parties believe that these factors and others offer strong support for their proposal. *See* ECF No. 62, p. 2 ("A district court has wide discretion to manage collective actions" (internal quotation marks and citations omitted)); *see also Murray v. E\*Trade Fin. Corp*., 240 F.R.D. 392, 401 (N.D. Ill. 2006) (granting unopposed "request to stay the mailing of notice to absent class members pending the resolution of E\*Trade's motion for summary judgment").

9.      The requested extension is not sought by any of the Parties to unduly delay the proceedings.

10.      The Parties would be happy to proceed with the telephonic status hearing that is presently scheduled for June 28, 2023, if the Court so desires.  Alternatively, the

Parties jointly propose that the June 28, 2023 telephonic status hearing be continued until approximately 14 days after the Parties have briefed HARTING's Motion for Partial Summary Judgment and the Court has ruled on HARTING's Motion.

Dated: June 21, 2023                                  Respectfully submitted,

**MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF/COUNTER-DEFENDANT**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **HARTING, INC. of NORTH AMERICA, DEFENDANT/COUNTER-PLAINTIFF**

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600

/s/ Andrew S. Rosenman
Andrew S. Rosenman
David S. Levine
arosenman@mayerbrown.com
dlevine@mayerbrown.com