IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MICHELLE HANUS, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:21-cv-5289

**HARTING, INC. OF NORTH AMERICA**     **DEFENDANT**

## RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. INTRODUCTION

Defendant's Motion for Partial Summary Judgment (ECF No. 67) must be denied in its entirety. This case concerns violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") due to unpaid overtime wages. Defendant has moved for summary judgment on its Counterclaim for breach of contract as to liability, and on Count II of Plaintiff's Complaint and requested that this Court declare that Plaintiff has breached her contract with Defendant and that she cannot proceed with a collective action. However, as discussed below, Defendant has failed to provide any basis for granting its Motion and its Motion must be denied.

### II. STANDARD OF REVIEW

Rule 56 provides that summary judgment is proper when there are no genuine issues of material fact remaining in a case and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Est. of Jones v. Child.'s Hosp. & Health Sys. Inc. Pension Plan*, 892 F.3d 919, 923 (7th Cir. 2018). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477

Page 1 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

U.S. 242, 248 (1986). A dispute is genuine when a "reasonable jury could return a verdict for the nonmoving party." *Id*. Furthermore, the evidence should be evaluated, and all reasonable inferences should be drawn, in a light most favorable to the nonmoving party. *Gill v. Scholz*, 962 F.3d 360, 363 (7th Cir. 2020); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009).

### III.    ARGUMENT

A.    █████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Defendant's attempt ████████

████████████████ conflicts with the series of Supreme Court decisions which hold the rights of workers to exercise their FLSA rights cannot be restricted by contract (in the absence of some other conflicting federal policy, such as the Federal Arbitration Act ("FAA")). *See, e.g., Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697 (1945).

████████████████████████████ As the Seventh Circuit noted in *Lewis v. Epic Systems*, 823 F.3d 1147, 1153 (7th Cir. 2016), rev'd, 138 S. Ct. 1612 (2018), "[c]ollective, representative, and class legal remedies allow employees to band together and thereby equalize bargaining power." Although the Seventh Circuit was reversed by the Supreme Court as to the enforceability of a class waiver in the context of an arbitration provision, that holding depended on the policies underlying the FAA, in which Congress directed courts to "respect and enforce the parties' chosen arbitration procedures." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621, 200 L. Ed. 2d 889 (2018). "In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements

Page 2 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

according to their terms—including terms providing for individualized proceedings." *Id.* at 1619. Similarly, the Supreme Court held in *Gilmer* that collective actions under the Age Discrimination in Employment Act ("ADEA") must give way to arbitration agreements, finding "no inconsistency between the important social policies furthered by the ADEA" and "enforcing agreements to arbitrate age discrimination claims." *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 20-21, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991). Again, the statutory context of that case is inapposite here. This distinction is important. Cases such as the Supreme Court decision in *Epic Sys.*, hold that individuals may waive their right to participate in a collective action based on an analysis reconciling the policies at play under the FAA and National Labor Relations Act ("NLRA") with those under the FLSA, ADEA, or similar laws. *Epic Sys. Corp.* at 1623. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Seventh Circuit has not had an occasion to address FLSA waivers outside of the arbitration context. The Sixth Circuit, faced with such a case, has held that an agreement waiving FLSA collective actions unaccompanied by an arbitration agreement is not enforceable. *Killion v. KeHE Distributors, LLC*, 761 F.3d 574 (6th Cir. 2014). In *Killion*, the Court found "little reason to think that the right to participate in a collective action" should be treated any differently than a waiver to sue individually. *Id.* at 591. The

Page 3 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

Court recognized the important legal distinctions between cases analyzing collective action waivers in the arbitration context and those that do not and noted that allowing an employer to circumvent the FLSA's requirements in this way, and without an alternative forum available through arbitration, could allow them to "gain an advantage over its competitors." *Id*. at 591-92. Because there was no arbitration agreement at issue, the Court found "no countervailing federal policy that outweighs the policy articulated in the FLSA" and held that that restrictions on FLSA rights are unenforceable, and that an employee cannot waive their right to participate in a collective action. *Id*. at 592.



As such, ▮▮▮▮ contained in the Agreement in this case should be deemed invalid.

B. ▮▮▮▮

▮▮▮▮ The goal of the FLSA is "to protect certain groups of the population from substandard wages and excessive hours" and was a recognition that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal

Page 4 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

compulsory legislation to prevent private contracts on their part which endangered national health and efficiency . . . ." *Id.* at 706-07. As the Supreme Court recognized in *Hoffmann-La Roche*, "Congress has stated its policy that . . . plaintiffs should have the opportunity to proceed collectively," which, in turn, allows "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The judicial system also benefits from collective actions through the efficient resolution of common issues. *Id*. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As the Sixth Circuit concluded, "in cases where each individual claim is small, having to litigate on an individual basis would likely discourage the employee from bringing a claim for overtime wages." *Killion*, 761 F.3d at 592. This, in turn, may encourage violations of law which runs contrary to both public and statutory policy. *See Brooklyn Sav. Bank*, 324 U.S. at 710. Judicial economy would also suffer if courts must preside over hundreds of cases alleging the same violations based on the same conduct, when such claims could have been brought in one action. An employer would also gain "an unfair advantage over its competitors" thereby thwarting Congress' policy of ensuring uniform minimum-pay requirements. *Id*.; *Brooklyn Sav. Bank*, 324 U.S. at 710. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

C. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **Cannot be Enforced Because It Fails for Lack of Consideration.**

If this Court finds that ▓▓▓▓▓▓▓▓▓▓ in a judicial forum are enforceable, the Agreement still fails due to lack of consideration for Plaintiff's ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ To determine whether ▓▓▓▓▓▓▓▓▓▓▓ in this Agreement is valid,

Page 5 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

the Court needs to apply ordinary state-law principles that govern the formation of contracts. And like all other contracts, the ▬▬▬ in the Agreement must be supported by consideration. "It is a basic tenet of contract law that in order for a promise to be enforceable against the promisor, the promisee must have given some consideration for the promise." *Vassilkovska v. Woodfield Nissan, Inc*., 830 N.E.2d 619, 624, 294 Ill. Dec. 207 (1st Dist. 2005)(quoting *Gibson v. Neighborhood Health Clinics, Inc*., 121 F.3d 1126, 1130 (7th Cir. 1997)); see *Chatman v. Pizza Hut, Inc*., 12 C 10209, 2013 U.S. Dist. LEXIS 73426, 2013 WL 2285804, at *3-4 (N.D. Ill. May 23, 2013) ("Consideration is the bargained-for exchange of promises or performances, and may consist of a promise, an act or a forbearance.") (internal quotation omitted); *Cook v. River Oaks Hyundai, Inc*., 06 C 376, 2006 U.S. Dist. LEXIS 21646, 2006 WL 931685, at *1 (N.D. Ill. Apr. 5, 2006). Here, the ▬▬▬▬▬▬ is not supported by adequate consideration and it is therefore illusory and unenforceable. ▬▬▬▬▬▬

▬▬▬▬▬▬

▬▬▬▬▬▬

▬▬▬▬▬▬

▬▬▬▬▬▬

▬▬▬ Defendant has failed to prove the existence of any consideration for the proposed ▬▬▬▬▬▬

D.    **Unclean Hands.**

▬▬▬▬▬▬ the Agreement is invalid because it was procured by fraud, deceit, unconscionability and/or bad faith. Defendant knew its ▬▬▬ ▬▬ in the Agreement was unenforceable. Nevertheless, Defendant presented the

Page 6 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

███████ to its employees as an enforceable ████████████████ Defendant obtained the ███████████████ by means of an unconscionable act and should be barred from asserting the waiver defense under the doctrine of unclean hands.

The notion of unclean hands seek to "prevent a wrongdoer from enjoying the fruits of his transgression" *Precision Instruments Mfg. Co. v. Auto. Maintenance Mach. Co.*, 324 U.S. 806, 815, 65 S. Ct. 993, 89 L. Ed. 1381, 1945 Dec. Comm'r Pat. 582 (1945)). Unclean hands is an equitable doctrine that "applies when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Precision Instruments*, 324 U.S. at 814; *Packers Trading Co. v. CFTC*, 972 F. 2d 144, 148-49 (7th Cir. 1992); *Highmark, Inc. v. UPMC Health Plan, Inc*., 276 F.3d 160, 174 (3d Cir. 2001). In other words, the party invoking unclean hands "must show: (1) the party seeking equitable relief committed an unconscionable act; and (2) the act is related to the claim upon which equitable relief is sought." *Scherer Design Gp. v. Ahead Eng'ing LLC*, 764 Fed. App'x 147, 150 (3d Cir. 2019) (unpublished). The doctrine may be invoked against a defendant asserting an affirmative defense of waiver. *Mente Chevrolet Oldsmobile, Inc. v. GMAC*, 451 Fed. App'x 214, 217-18 (3d Cir. 2011) (unpublished).

Defendant presented Plaintiff with a ████████ Agreement that included ████████████████ when it knew the ████ was not an enforceable ██████ under the FLSA. Defendant nevertheless used it to chill Plaintiff's FLSA claims and extract further concessions related to vindicating those rights—namely, ████████████████ Plaintiff has sufficiently alleged that the doctrine of unclean hands bars application of the ████████████████ and Defendant's Motion should be denied.

Page 7 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment

E.  **This Court Already Ruled on Plaintiff's Collective Action Certification in this Case.**

Defendant is using the same argument about Plaintiff's ▇▇▇▇ agreement as in its Response to Plaintiff's Motion for Conditional Certification (ECF No. 25). And, this Court already ruled on Plaintiff's Motion for Conditional Certification and in fact granted Plaintiff's motion (ECF No. 18). Defendant is now asking this Court to revisit the same issue and disregard its prior ruling.

## IV.  CONCLUSION

Defendant has failed to provide any basis for granting its Motion for Summary Judgment. For the reasons stated above, Defendant's Motion for Summary Judgment must be denied in its entirety.

Respectfully submitted,

**MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 8 of 8
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Plaintiff's Response to Motion for Partial Summary Judgment