IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MICHELLE HANUS, Individually and on**             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                            No. 1:21-cv-5289

**HARTING, INC. OF NORTH AMERICA**             **DEFENDANT**

### RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Michelle Hanus, by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for her Response to Defendant's Statement of Undisputed Material Facts, states and alleges as follows:

### Statement of Material Facts

1. HARTING and its parent corporation and affiliates develop, manufacture, and sell electrical connectors and solutions for use in mechanical and plant engineering, broadcast and entertainment, factory automation, power generation and distribution as well as industrial electronics and telecommunication. See Declaration of Jennifer Centimano ("Centimano Declaration"), ¶ 3.

**RESPONSE NO. 1:** Admitted.

2. Hanus is an Illinois resident who formerly worked for HARTING in its Elgin, Illinois facility. See Attachment 1, Docket ("Dkt.") No. 1 (Complaint), ¶¶ 10, 19; Attachment 2, Dkt. 34, Sealed Answer to Complaint ¶¶ 10, 19; Centimano Declaration, ¶ 4.

**RESPONSE NO. 2:** Admitted.

Page 1 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts

3. Specifically, HARTING employed Hanus as a salaried Customer Service Specialist from November 2019 to August 6, 2021. Centimano Declaration, ¶ 4; Attachment 2, Dkt. 34, Answer to ¶ 19; Attachment 3, Dkt. 65, Sealed Answer to Counterclaim ¶ 10.

**RESPONSE NO. 3:** Admitted.

4. On August 6, 2021, in connection with the termination of Hanus's employment, HARTING provided Hanus with a letter as well as an accompanying "Employee Separation and General Release Agreement (Including Confidentiality Provisions")" (hereinafter, "Agreement") for Hanus's consideration. Centimano Declaration, ¶ 5; and Exhibit A to Centimano Declaration ("Exhibit A").

**RESPONSE NO. 4:** Admitted.

5. The terms of the Agreement included, among other things, a monetary offer of severance benefits in exchange for Hanus executing, and not revoking, a release of claims against HARTING. Centimano Declaration, ¶ 6; and Exhibit A, §§ 2, 4, 16-17.

**RESPONSE NO. 5:** Admitted except to clarify that ██████████ ██████████████████████

6. In addition to including the specific amount of the severance payment that Hanus would receive, Section 2 of the Agreement stated in part: ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████ Centimano Declaration, ¶ 7; and Exhibit A, p. 1, § 2.

Page 2 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts

**RESPONSE NO. 6:** Admitted except to clarify that ▮▮▮▮▮▮▮▮▮▮▮▮▮

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Centimano Declaration, ¶ 8; Exhibit A, p. 2, § 4; Attachment 3, Dkt. 65, Answer to Counterclaim ¶ 13.

**RESPONSE NO. 7:** Admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8. Section 16 of the Agreement explicitly informed Hanus, in part, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Centimano Declaration, ¶ 10; and Exhibit A, p. 5, § 16.

Page 3 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts

**RESPONSE NO. 8:** Admitted.

9. Section 17 of the Agreement stated, among other things, that if Hanus signed the Agreement, she would have seven calendar days after signing the Agreement to exercise her right to revoke her acceptance of the Agreement, and, as a result, the Agreement would not become effective or enforceable until the eighth calendar day following Hanus's signature, and Hanus would not be paid the severance payment until at least eight days after her signature. Centimano Declaration, ¶ 11; and Exhibit A, p. 5, § 17.

**RESPONSE NO. 9:** Admitted.

10. Section 17 of the Agreement further provided that any revocation by Hanus ███████████████████████████████████████████████ Centimano Declaration, ¶ 12; and Exhibit A, p. 5, § 17.

**RESPONSE NO. 10:** Admitted.

11. The Agreement is governed by Illinois law and includes a severability provision that states: ███████████████████████████████████████ Centimano Declaration, ¶ 13; and Exhibit A, p. 5, §§ 14-15.

**RESPONSE NO. 11:** Admitted.

Page 4 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts

12. As reflected on the last page of the Agreement, Centimano signed the Agreement on behalf of HARTING on August 6, 2021. Centimano Declaration, ¶ 14; and Exhibit A, p. 6.

**RESPONSE NO. 12:** Admitted.

13. As reflected on the last page of the Agreement, Hanus signed the Agreement on August 26, 2021, within the 21-day consideration period set forth in Section 16 of the Agreement. Centimano Declaration, ¶ 15; and Exhibit A, p. 6.

**RESPONSE NO. 13:** Admitted.

14. Hanus timely returned the fully-executed Agreement to HARTING on August 26, 2021. Centimano Declaration, ¶ 16; and Exhibit A, p. 6.

**RESPONSE NO. 14:** Admitted.

15. After signing the Agreement, Hanus did not exercise her right to revoke the Agreement. HARTING never received a revocation of Hanus's acceptance of the Agreement. Centimano Declaration, ¶ 17.

**RESPONSE NO. 15:** Admitted.

16. After the Agreement became effective following Hanus's non-revocation, HARTING made the severance payment to Hanus, consistent with the terms of Section 2 of the Agreement, via direct deposit on September 7, 2021. Centimano Declaration, ¶ 18; Attachment 3, Dkt. 65, Answer to Counterclaim ¶ 16.

**RESPONSE NO. 16:** Admitted.

Page 5 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts

17. As Hanus has admitted, HARTING fully performed its obligations under the Agreement. Attachment 3, Dkt. 65, Answer to Counterclaim ¶ 27.

**RESPONSE NO. 17:** Admitted.

18. On October 5, 2021, Hanus filed her "Original Complaint – Collective Action" in this action. Her Second Cause of Action seeks to pursue a collective action under the FLSA. See Attachment 1, Dkt. 1, ¶¶ 66-77.

**RESPONSE NO. 18:** Admitted.

19. On July 13, 2022, HARTING filed its First Amended Answer to the Complaint and Counterclaim against Hanus for breaching the Agreement. See Attachment 2, Dkt. 34, pp. 21-25.

**RESPONSE NO. 19:** Admitted as to the fact that HARTING filed its First Amended Answer to the Complaint and Counterclaim against Hanus but denied as to Hanus breaching the Agreement.

20. On June 14, 2023, Hanus filed her Answer to HARTING's Counterclaim. See Dkt. 65. Hanus admits that Hanus entered into the Agreement, that HARTING fully performed its obligations under the Agreement, and that she received the severance payment referenced in the Agreement. See Attachment 3, Dkt. 65, Answer to Counterclaim ¶¶ 1, 11, 27.

**RESPONSE NO. 20:** Admitted.

Page 6 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts

Respectfully submitted,

**MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 7 of 7
Michelle Hanus, et al. v. Harting, Inc.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-5289
Response to Defendant's Statement of Undisputed Material Facts