**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE HANUS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>HARTING, INC. OF NORTH AMERICA,<br><br>    Defendant/Counter-Plaintiff. | Case No. 1:21-cv-5289<br><br>Hon. Andrea R. Wood |

## DEFENDANT/COUNTER-PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

**PUBLIC VERSION**

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    I.    Hanus's Agreement Is Fully Enforceable As A Matter Of Law ............................ 2

    II.   Hanus's Remaining Arguments Are Easily Rejected ........................................... 10

CONCLUSION .............................................................................................................................. 13

**PUBLIC VERSION**

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnett v. Concentrix Sols. Corp.*,
2022 WL 17486813 (D. Ariz. Dec. 7, 2022), *appeal dismissed*, 2023 WL 2596688 (9th Cir. Jan. 31, 2023) ................................................................................8

*Benedict v. Hewlett-Packard Co.*,
2016 WL 1213985 (N.D. Cal. Mar. 29, 2016).................................................................8, 10

*Brooklyn Savings Bank v. O'Neil*,
324 U.S. 697 (1945)...............................................................................................................5, 7

*Brown v. Sears Holdings Management Corporation*,
2009 WL 2514173 (N.D. Ill. Aug. 17, 2009) ................................................................ passim

*Chatman v. Pizza Hut, Inc.*,
2013 WL 2285804 (N.D. Ill. May 23, 2013) .........................................................................11

*Chicago Heights Glass, Inc. v. Phelps*,
2022 WL 1567026 (N.D. Ill. May 18, 2022) .........................................................................11

*Cook v. River Oaks Hyundai, Inc.*,
2006 WL 931685 (N.D. Ill. Apr. 5, 2006) ..............................................................................11

*Copello v. Boehringer Ingelheim Pharmaceuticals Inc.*,
812 F. Supp. 2d 886 (N.D. Ill. 2011) ............................................................................. passim

*Country Mut. Ins. Co. v. Olsak*,
2022 IL App (1st) 200695......................................................................................................11

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018)................................................................................................... passim

*Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*,
574 F. Supp. 3d 1175 (S.D. Fla. Dec. 3, 2021).........................................................................9

*Gibson v. Neighborhood Health Clinics, Inc.*,
121 F.3d 1126 (7th Cir. 1997) ...............................................................................................11

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991)...........................................................................................................5, 6, 9

*Hoffmann-La Roche Inc. v. Sperling*,
493 U.S. 165 (1989)..................................................................................................................7

*Killion v. KeHE Distribs., LLC*,
  761 F.3d 574 (6th Cir. 2014) ...........................................................................................7, 8

*Kubischta v. Schlumberger Tech Corp*,
  2016 WL 3752917 (W.D. Pa. July 14, 2016) ...........................................................................8

*Lewis v. Epic Systems Corp.*,
  823 F.3d 1147 (7th Cir. 2016), *rev'd*, 138 S. Ct. 1612 (2018) ....................................... passim

*Niiranen v. Carrier One, Inc.*,
  2022 WL 103722 (N.D. Ill. Jan. 11, 2022)....................................................................... passim

*Serrano v. Globe Energy Serv., LLC*,
  2016 WL 7616716 (W.D. Tex. Mar. 3, 2016) ................................................................7, 8

*Stadelmann v. Siemens Indus., Inc.*,
  2022 WL 4182391 (N.D. Ill. Sept. 12, 2022) ...........................................................................12

*Vassilkovska v. Woodfield Nissan, Inc.*,
  830 N.E.2d 619 (1st Dist. 2005) ...........................................................................................11

*Walthour v. Chipio Windshield Repair, LLC*,
  745 F.3d 1326 (11th Cir. 2014) ........................................................................................6, 7

### Other Authorities

Local Rule 56.1 .................................................................................................................1, 12

**PUBLIC VERSION**

## INTRODUCTION

The response papers filed by Counter-Defendant Michelle Hanus ("Hanus") to the motion for partial summary judgment by Counter-Plaintiff HARTING, Inc. of North America ("HARTING") cement the conclusion that this Court should grant summary judgment in favor of HARTING on liability in its Counterclaim for breach of contract (Dkt. 34) and the related Count II of Hanus's Complaint, which implicates the same issues as the Counterclaim.[1]

At the outset, there are no disputed material facts vis-à-vis HARTING's motion. Not only did Hanus's June 14, 2023 Answer to HARTING's Counterclaim (Dkt. 65) admit most of HARTING's factual allegations in its Counterclaim, but her subsequent Response to HARTING's Local Rule 56.1(a)(2) Statement of Material Facts ("SOF Response") fortified those admissions. Indeed, in the SOF Response, Hanus *admitted each and every one* of HARTING's Statement of Material Facts. *See* Dkt. 77. Further, Hanus neither filed a Local Rule 56.1(b)(3) statement of additional material facts nor cited and attached any other evidentiary materials.

Just as clear as the undisputed material facts now before this Court is the case law that governs HARTING's motion. As HARTING demonstrated in its opening brief ("Opening Br."), the Supreme Court's decision in *Epic Systems Corp. v. Lewis* and its progeny, as well as several other decisions from judges in this District that are directly on point, ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

---

[1] HARTING has filed a sealed and public version of this brief consistent with the Court's prior orders (Dkts. 26, 32) and Hanus's submission of sealed and public versions of her response papers (see Dkts. 76-79). If the Court would prefer that HARTING file a separate motion to seal for each of its filings containing confidential information, HARTING would be happy to do so.

1

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ In that regard, Hanus inexplicably does not even mention—let alone try to distinguish—Your Honor's decision last year in *Niiranen v. Carrier One, Inc.*, which HARTING discussed in detail in its opening brief (at 10 and n.7). ████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████ For these and the other reasons discussed below, this Court should reject Hanus's unpersuasive arguments and grant partial summary judgment in favor of HARTING.[2]

## ARGUMENT

**I. Hanus's Agreement Is Fully Enforceable As A Matter Of Law.**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ Dkt. 65, ¶¶ 1, 11, 27. Hanus reaffirmed each of those admissions in her SOF Response as well. SOF Response, ¶ 20.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████ and cited several cases

---

[2] It bears repeating that granting HARTING's motion will not impact Hanus's ability to pursue her individual wage and hour claims against HARTING under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") in Counts I and III, respectively, of her Complaint. *See also* Opening Br. at 6 n.2.

from this District and around the country supporting that proposition. *See* Opening Br. at 7-11 & n.7. ███████████████████████████████████████████████████

███████████████████████████████████████████ *See* Resp. Br. at 2-4. Hanus is wrong.

Before addressing Hanus's misinterpretation of Supreme Court precedent, it is worth revisiting several of the cases from this District that HARTING discussed in detail in its opening brief (at 7-11). ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Remarkably, Hanus completely ignores all of those decisions.

*Brown v. Sears Holdings Management Corporation*, 2009 WL 2514173 (N.D. Ill. Aug. 17, 2009) is one such example. That case did *not* involve an arbitration agreement, but Judge Kocoras enforced a waiver that "preclude[d] Brown from pursuing a class action under § 216(b)" of the FLSA. *See id*. at *4-5; *see also* Opening Br. at 8 (████████████████████

█████████). In doing so, Judge Kocoras expressly rejected the notion that the absence of an arbitration agreement in the case somehow mattered. Judge Kocoras analyzed "cases examining arbitrability of federal statutory right[s]" (some of the same cases cited by Hanus), and concluded that there was "no reasoned basis" for the waiver analysis to turn on the existence of an arbitration agreement. *Id.* at *3-5. Judge Kocoras enforced the waiver signed by Brown, and granted summary judgment to the defendant-employer on its counterclaim. *Id*.

███████████████████████████████████████████████████

█████████████████ In *Copello v. Boehringer Ingelheim Pharmaceuticals Inc.*, 812 F. Supp. 2d 886 (N.D. Ill. 2011), Judge Feinerman granted summary judgment to the employer because the



3

collective action waiver, "by its terms, waives [the plaintiff's] right to lead or participate in a Rule 23 class action or a § 216(b) collective action, and . . . is neither invalid nor unenforceable under FLSA and state law." *Id*. at 897; *see also* Opening Br. at 8 (███████████████ ███████████████████████████). As in *Brown*, *supra*, Judge Feinerman was plainly aware that the waiver at issue did not arise in the context of an arbitration agreement, discussed some of the same decisions cited by Hanus in her response brief, and granted summary judgment to the employer on its counterclaim. *See Copello*, 812 F. Supp. 2d at 892, 894, 897.

Perhaps the most glaring omission from the response brief, however, is Your Honor's decision from last year expressly rejecting a nearly identical argument to the one now advanced by Hanus. As described in detail in HARTING's opening brief (at 10 and n.7), in *Niiranen v. Carrier One, Inc.*, 2022 WL 103722 (N.D. Ill. Jan. 11, 2022), Your Honor upheld a class action waiver in connection with a claim under the Illinois Wage Payment and Collection Act and, in doing so, recognized that "as to the FLSA, several courts in this Circuit have held that § 216(b) does not give a plaintiff an unwaivable right to bring a collective action." *Id.* at *7. Your Honor then cited *Brown* and quoted *Copello*'s holding that while the "FLSA prohibits *substantive* wage and hour rights from being contractually waived, it does not prohibit contractually waiving the *procedural* right to join a collective action." *Niiranen*, 2022 WL 103722, at *7 (quoting *Copello*, 812 F. Supp. 2d at 894) (emphasis in original).

The plaintiffs in *Niiranen* attempted to invalidate their waivers by invoking a Seventh Circuit decision that the Supreme Court overruled. *See Lewis v. Epic Systems Corp.*, 823 F.3d 1147, 1153 (7th Cir. 2016), *rev'd*, 138 S. Ct. 1612 (2018) (discussed more fully below). ███ ███████████████████████, the plaintiffs in *Niiranen* contended that because the Supreme Court's decision "concerned a class-action waiver in an arbitration agreement . . . , the

4

Seventh Circuit's decision in *Lewis* retains vitality outside of the arbitration context." *Id.* at *6. But Your Honor rejected that argument in *Niiranen* and should again reject it here. There "is no reason to believe that any part of the Seventh Circuit's rationale in *Lewis* survives," Your Honor wrote, "such that it would preclude enforcement of a class-action waiver outside of the arbitration context." *Id.*[3]

Despite HARTING's detailed discussion of *Niiranen* in its opening brief (at 10 n.7), Hanus ignores Your Honor's rationale entirely. In fact, Hanus's complete silence in her Response Brief with respect to each of *Brown*, *Copello* and *Niiranen* is nothing short of deafening.

Hanus's argument has thus been thoroughly rejected in this District—and, as described below, around the country—and that is so because it reflects a fundamental misunderstanding of the case law. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See id.* at 2-3 (citing *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) (*"Lewis"*); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ("*Gilmer*"); and *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) ("*O'Neil*")). None of those cases support Hanus's misguided theory.

In *Lewis*, the Supreme Court opened its opinion by asking whether employees should "always be permitted to bring their claims in class or collective actions, no matter what they

---

[3] Even if the Seventh Circuit decision in *Lewis* had *not* been overruled, the case would have only offered further support to HARTING here. That is because the Seventh Circuit recognized in *Lewis* that the FLSA and Age Discrimination in Employment Act (ADEA) "allow class or collective actions, [but] *they do not guarantee collective process*." *Lewis*, 823 F.3d at 1161 (emphasis added). The Supreme Court, as described below, agreed with the Seventh Circuit on this latter point—a point that completely refutes Hanus's argument. *See Lewis*, 138 S. Ct. at 1626, 1632 (noting that the collective action procedures can be waived under the FLSA).

5

agreed with their employers?" *Lewis*, 138 S. Ct. at 1619. The Supreme Court answered that question in the negative and upheld a waiver that prevented the employees from "pursuing claims as a class or collective action," including claims, as here, under the FLSA. *See Lewis*, 138 S. Ct. at 1619-20. As Your Honor recognized in *Niiranen*, this holding did *not* turn on the existence of an arbitration agreement in the case. *See Niiranen*, 2022 WL 103722, at *6. Instead, the Supreme Court discussed whether the National Labor Relations Act ("NLRA") or FLSA "guarantees a right to class or collective action procedures," and found that neither did so. *See Lewis*, 138 S. Ct. at 1626, 1629, 1632. *Lewis* thus offers strong support for granting HARTING's motion here.

So does the second case—*Gilmer*—on which Hanus attempts to rely. In that case, the Supreme Court "had no qualms in enforcing a class waiver" in connection with an "identical collective action scheme" to the FLSA—the ADEA. *See Lewis*, 138 S. Ct. at 1626, 1628 (discussing *Gilmer*). As in *Lewis*, *Gilmer* involved an arbitration agreement, but the Supreme Court held—arbitration agreement or not—that "the fact that the [ADEA] provides for the *possibility* of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred." *Gilmer*, 500 U.S. at 32 (emphasis added). As many courts interpreting *Gilmer* have noted, the case therefore indicates that the FLSA "does not set forth a non-waivable substantive right to a collective action." *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1327, 1335 (11th Cir. 2014) (enforcing waiver of "an employee's ability to bring a collective action under the Fair Labor Standards Act" on the basis of *Gilmer*); *see also Copello*, 812 F. Supp. 2d at 894 (███████████████████████████████████████████████████████████████); *Brown*, 2009 WL 2514173, at *3-4 (same).

6

The third and final Supreme Court decision—*O'Neil*—on which Hanus relies also offers no support for her position. In that 1945 decision, the Supreme Court held that a plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to the damages. *See O'Neil*, 324 U.S. at 704. But courts have repeatedly interpreted *O'Neil* to preclude only the waiver of an employee's individual "rights to overtime wages, minimum wages, and liquidated damages." *See Serrano v. Globe Energy Serv., LLC*, 2016 WL 7616716, at *5 (W.D. Tex. Mar. 3, 2016) (discussing *O'Neil*). ▮▮▮▮▮ *See, e.g.*, *Walthour*, 745 F.3d at 1336-37 (finding *O'Neil* "materially distinguishable" and enforcing collective action waiver); *Serrano*, 2016 WL 7616716, at *5 (concluding that *O'Neil* does not prohibit an employee from waiving "the right to participate in collective action litigation").[4]

With no supporting cases from this District or the Supreme Court, Hanus is thus left to rely on a solitary Sixth Circuit decision that Your Honor already distinguished in *Niiranen*, and, relatedly, that another district court recently called an "outlier." As Hanus notes (Resp. Br. at 3-4), nearly a decade ago, a panel in the Sixth Circuit declined to enforce a collective action waiver because there was no arbitration agreement. *See Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 590–92 (6th Cir. 2014) ("*Killion*"). It is far from clear that *Killion* would have been decided the same way today, given the Supreme Court's intervening 2018 decision in *Lewis*, which

---

[4] In passing, Hanus also cites *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), but that case does not involve a purported waiver or release. It plainly does not prevent enforcing the waiver here. ▮▮▮ *See, e.g.*, *Copello*, 812 F. Supp. 2d at 892; *Walthour*, 745 F.3d at 1333, 1336.

7

reaffirmed the propriety of collective action waivers. *See Lewis*, 138 S. Ct. at 1626, 1629, 1632 (holding that neither the NLRA nor FLSA "guarantees a right to class or collective action procedures").

Even putting those issues aside, *Killion* has been repeatedly rejected by courts around the country as inconsistent with Supreme Court precedent and thus an "outlier" when compared with the overwhelming body of cases enforcing collective action waivers outside the arbitration context. *See, e.g.*, *Barnett v. Concentrix Sols. Corp.*, 2022 WL 17486813, at *4-5 (D. Ariz. Dec. 7, 2022) (enforcing a collective action waiver "in an employment contract that does not include an arbitration clause" and describing *Killion* as an "outlier" after surveying relevant case law), *appeal dismissed*, 2023 WL 2596688 (9th Cir. Jan. 31, 2023).[5] Indeed, in *Niiranen*, Your Honor even distinguished *Killion* and noted that "several courts in this Circuit" have rejected its holding. *See Niiranen*, 2022 WL 103722, at *7 (citing *Copello* and *Brown*). In short, *Killion* is non-binding and inconsistent with: (a) more recent Supreme Court precedent, (b) multiple cases in this District, including *Niiranen*, *Copello* and *Brown*, and (c) a host of subsequent decisions by federal judges around the country. This "outlier" case serves as no impediment to granting partial summary judgment for HARTING here.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████ Resp. Br. at 4. But to

---

[5] *See also, e.g.*, *Serrano*, 2016 WL 7616716, at *5 ("this Court declines to follow the holding in *Killion*"); *Kubischta v. Schlumberger Tech Corp*, 2016 WL 3752917, at *7 (W.D. Pa. July 14, 2016) ("This Court is not persuaded by the reasoning of the Sixth Circuit Court of Appeals in *Killion*."); *Benedict v. Hewlett-Packard Co*., 2016 WL 1213985, at *5 (N.D. Cal. Mar. 29, 2016) ("The Sixth Circuit's reasoning in *Killion* is unpersuasive to this Court because, contrary to Plaintiffs' argument and the rationale *Killion* itself provides, other circuits have found waivers enforceable not because of the strong policy in favor of the FAA, but rather, as discussed above, because the FLSA's text, scheme, and legislative history reveal that the FLSA does not set forth a non-waivable substantive right to a collective action.").

8

the extent Hanus purports to characterize the requirements of the FLSA, her argument is fundamentally flawed for the reasons described above. The Supreme Court and many other courts have emphasized that the FLSA does *not* provide an unwaivable right to a collective action. *See, e.g.*, *Lewis*, 138 S. Ct. at 1619-20; *Copello*, 812 F. Supp. 2d at 894. Because Hanus is wrong on the law, all that remains is her "retreat[] to policy arguments" that *Lewis* categorically rejected, and that should again be rejected here. *See Lewis*, 138 S. Ct. at 1632. Hanus "is not free to substitute [her] preferred economic policies" for those established by Congress and interpreted by the Supreme Court and other courts, including in this District. *See id*. Indeed, the very same policy arguments proffered by Hanus would apply with equal force to the disputes in *Lewis*, *Gilmer*, *Niiranen*, *Copello, Brown*, and many other cases—and in each of those cases, the court enforced the waiver at issue. That alone should sound the death knell for Hanus's theory.

But even as a matter of policy, there are good reasons for collective action waivers to be enforced. As the Supreme Court explained, it is "well known," for example, that collective actions "can unfairly place pressure on the defendant to settle even unmeritorious claims." *Lewis*, 138 S. Ct. at 1632 (alteration and internal quotation marks omitted). Declining to enforce collective action waivers, moreover, would impinge on the freedom to contract between employers and employees and deter employers and employees from amicably resolving potential claims through separation agreements. *See, e.g.*, *id*. at 1619, 1632.

█████████████████████████████████████████████████████████████

███████████████████████████████████████ *See, e.g. Copello*, 812 F. Supp. 2d at 894, 897 (████████████████████████████████████); *Brown*, 2009 WL 2514173, at *3-4 (same); *see also Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*, 574 F. Supp. 3d 1175, 1182 (S.D. Fla. Dec. 3, 2021) (████████████████ and holding that "the

unavailability of an arbitral forum must not render a collective action waiver unenforceable");

*Benedict*, 2016 WL 1213985, at *5 (█████████████████████████████████

████████████████████████████████). ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████

**II.      Hanus's Remaining Arguments Are Easily Rejected.**

Hanus advances three other arguments, each of which is baseless and easily rejected. The first two arguments—regarding a purported lack of "consideration" and "unclean hands," *see* Resp. Br. at 5-7—merely recast Hanus's flawed arguments on unenforceability and should be rejected for the same reasons discussed at length above and in HARTING's opening brief. Hanus's final point—a perfunctory assertion that the Court somehow already ruled on this motion for partial summary judgment, *see id*. at 8—mischaracterizes the procedural posture and can be rejected for that and other reasons described below.

**Consideration.** Hanus argues that the ████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████ Resp. Br. at 6. Although framed in terms of "consideration," this puzzling and perfunctory argument is unsupported by any factual allegations about any purportedly absent consideration. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ *See, e.g.*,

*Copello*, 812 F. Supp. 2d at 894, 897; *Brown*, 2009 WL 2514173, at *3-4.

None of Hanus's cited cases are to the contrary. In her Response Brief (at 6), Hanus cites various decisions for the unremarkable proposition that contracts require consideration, but none even come close to supporting the proposition that Hanus's Agreement should not be enforced. In two of the four cited cases, the court found the agreement supported by adequate consideration. *See Chatman v. Pizza Hut, Inc.*, 2013 WL 2285804, at *3-4 (N.D. Ill. May 23, 2013); *Cook v. River Oaks Hyundai, Inc.*, 2006 WL 931685, at *1-2 (N.D. Ill. Apr. 5, 2006). And the other two are easily distinguishable, because (among other reasons) the individuals in those cases did not receive any financial compensation as part of the agreement at issue. *See Vassilkovska v. Woodfield Nissan, Inc.*, 830 N.E.2d 619, 624 (1st Dist. 2005); *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997).[6] ▮

▮

▮

▮ *See also, e.g., Country Mut. Ins. Co. v. Olsak*, 2022 IL App (1st) 200695, ¶ 57 ("It is well settled that valid consideration exists for a release when a party promises not to file suit against another party in exchange for payment."); *Chicago Heights Glass, Inc. v. Phelps*, 2022 WL 1567026, at *2 (N.D. Ill. May 18, 2022) (finding that severance payment amounted to adequate consideration under Illinois law).

**Unclean Hands.** Hanus's argument pertaining to HARTING's supposed "unclean hands" also merely rehashes her prior unsupported contentions. *See* Resp. Br. at 6-7. ▮

▮

---

[6] It is also worth noting that all four cases involved arbitration agreements, which further undercuts Hanus's erroneous suggestion (at 2-3) that cases involving arbitration agreements are somehow necessarily distinguishable on that basis alone.

11

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 6. This argument goes nowhere for multiple reasons.

Hanus's premise is entirely wrong. As explained above, many courts have held that there is nothing improper about the use of collective action waivers and have enforced those waivers. The decisions in *Copello* and *Brown*, for example, long preceded Hanus's filing of this lawsuit. Hanus's contention regarding HARTING's knowledge, moreover, is wholly baseless. Again, Hanus submitted no statement of additional facts under Local Rule 56.1(b)(3), presumably because there is no factual support for her barren contention. *See, e.g.*, *Stadelmann v. Siemens Indus., Inc.*, 2022 WL 4182391, at *9 (N.D. Ill. Sept. 12, 2022) (finding "unsupported assertions . . . insufficient to demonstrate a triable issue of fact" and thus granting summary judgment to employer). Hanus's unsupported argument should therefore be rejected.

**Procedural Posture.** Finally, Hanus contends that HARTING is "now asking this Court to revisit the same issue" that was raised in Hanus's conditional certification motion and "disregard its prior ruling." *See* Resp. Br. at 8. In this three-sentence, perfunctory argument with no case citations, Hanus does not elaborate on the purported import of her assertion. *See id*. But the assertion is wrong and does nothing to change the summary judgment analysis.

As described in the opening brief (at 4-5), on May 31, 2023, Your Honor denied Hanus's motion to dismiss HARTING's Counterclaim and granted Hanus's motion for conditional certification. *See* Dkt. 62 (the "Order"). Subsequent to the Court's ruling, Hanus filed her Answer to the Counterclaim, in which Hanus formally admitted various facts, including that HARTING fully performed its obligations under the Agreement. HARTING then filed its motion for partial summary judgment, relying in part on those admissions.

In any event, neither ruling in the Court's May 31 Order resolved the two specific issues in HARTING's motion here: whether HARTING is entitled to *summary judgment* (1) as to liability on its breach-of-contract Counterclaim, and (2) as to Count II of the Complaint. *See* Opening Br. at 12-13.

Granting HARTING's motion here, moreover, would be fully consistent with the Court's May 31 Order, which denied Hanus's motion to dismiss the Counterclaim and recognized multiple cases in this District where "the named plaintiff signed an agreement pledging not to become 'a member of any class in a case in which claims are asserted' against their employer." Order at 6. In "each case," Your Honor noted, "the defendant successfully invoked the contractual clause to prevent the putative named plaintiff from establishing a collective action." *See id.* (citing *Copello* and *Brown*). Furthermore, Hanus's perfunctory argument is especially perplexing because the parties *jointly* requested that this Court reserve ruling on the content and timetable for any notices, in part because if "the Court grants HARTING's Motion for Partial Summary Judgment, then distributing notices should be unnecessary because there presumably will no longer be a collective action." Dkt. 74 at ¶ 7. Your Honor, of course, adopted that joint proposal and agreed with the parties' related joint proposed briefing schedule for HARTING's motion for partial summary judgment. *See* Dkt. 75.

## CONCLUSION

For the reasons stated above and in its opening brief, HARTING respectfully requests that the Court grant its motion for partial summary judgment **(1)** as to liability on its breach-of-contract Counterclaim, and **(2)** as to Count II of the Complaint, which should be dismissed with prejudice. HARTING relatedly requests that the Court declare Hanus barred from pursuing a collective action in this case, including through the distribution of notices.

**PUBLIC VERSION**

Date: July 31, 2023 Respectfully submitted,

By: /s/ *Andrew S. Rosenman*
Andrew S. Rosenman
David S. Levine
M<span/>AYER B<span/>ROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
arosenman@mayerbrown.com
dlevine@mayerbrown.com

*Counsel for HARTING, Inc. of North America*

**PUBLIC VERSION**

## CERTIFICATE OF SERVICE

I, David S. Levine, an attorney, hereby certify that on July 31, 2023, I caused a true and correct copy of the foregoing **DEFENDANT/COUNTER-PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all persons by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/ *David S. Levine*
David S. Levine
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
dlevine@mayerbrown.com