IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE HANUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>HARTING, INC. OF NORTH AMERICA,<br><br>Defendant/Counter-Plaintiff. | Case No. 1:21-cv-05289<br><br>Hon. Georgia N. Alexakis |

**JOINT STATUS REPORT FOR REASSIGNED CASE**

Plaintiff/Counter-Defendant Michelle Hanus ("Hanus") and Defendant/Counter-Plaintiff HARTING, Inc. of North America ("HARTING"), by and through their respective undersigned counsel, submit the following Joint Status Report as required pursuant to this Court's Order dated September 16, 2024 (ECF No. 95):

**I. Nature of the Case**

**A. Identify the attorneys of record for each party.**

Attorneys for Hanus:

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

Attorneys for HARTING:

Andrews S. Rosenman, Esq.
Sofia B. Orelo, Esq.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

1

B. **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties.** *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012). **If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.** *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990).

The basis for federal jurisdiction over Hanus's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, is federal question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 1 ¶ 4. The basis for federal jurisdiction over Hanus's claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, as well as HARTING's counterclaim for breach of contract, is supplemental jurisdiction under 28 U.S.C. § 1367(a). *See* ECF No. 1 ¶ 5; Counterclaim, ECF No. 34 ("Counterclaim") ¶ 7.

C. **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

    1. <u>Hanus's Claims and Relief Sought</u>: Hanus, on behalf of herself and others similarly situated, has brought this collective action against HARTING for alleged violations of the FLSA and IMWL in classifying Hanus and other similarly situated employees as exempt from those statute's overtime requirements. *See* ECF No. 1 ¶¶ 1-2, 22-23. Thus, Hanus also seeks to certify a collective of similarly situated individuals under the FLSA. *Id.* ¶ 49.

    2. <u>HARTING's Counterclaim and Relief Sought</u>: HARTING's counterclaim is for breach of contract. Many of the counterclaim's allegations have been submitted under seal (*see* ECF No. 32), but in broad terms, the counterclaim alleges that Hanus has breached her separation agreement with HARTING.

D. **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

Hanus seeks a declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee. ECF No. 1 ¶ 2.

HARTING's counterclaim seeks the following relief: (a) declaring that Hanus has breached the agreement; (b) awarding HARTING its full losses, expenses, and other damages in amounts to be proven at trial; (c) awarding HARTING its costs and litigation expenses, including attorney's fees incurred in filing the counterclaim and in opposing Hanus's motion for conditional certification; and (d) awarding HARTING such other and further relief that this Court deems just, proper, and equitable. *See* Counterclaim, Prayer for Relief.

E. **List the names of any parties who have not yet been served.**

None.

II. **Discovery and Pending Motions**

A. **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

On June 19, 2023, HARTING filed a Motion for Partial Summary Judgment on its Counterclaim for breach of contract as to liability, and on Count II of Hanus's Complaint. *See* ECF Nos. 67-73. Hanus filed her Response on July 14, 2023. *See* ECF Nos. 76-79. HARTING filed its Reply on July 31, 2023. *See* ECF Nos. 82-83.

B. **What is the current discovery schedule?**

There is no discovery schedule in place. The Parties respectfully request that they propose a schedule for the completion of fact and any expert discovery, as well as the filing of dispositive motions, after this Court's resolution of HARTING's pending Motion for Partial Summary Judgment, in part because the ruling on that motion likely

will impact whether discovery would proceed only on an individual basis, or as a collective action under the FLSA. The Parties made this same proposal in their June 21, 2023 Joint Status Report. *See* ECF No. 74. In her June 27, 2023 Order, Judge Wood adopted the Parties' proposal. *See* ECF No. 75.

C. **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.**

The Parties previously exchanged Rule 26(a)(1) Initial Disclosures. No further discovery has been completed at this time. As noted above, the scope of discovery will vary dramatically depending on this Court's decision on HARTING's pending Motion for Partial Summary Judgment. If this Court grants the motion, then discovery would be limited to the current Parties, and HARTING would have no need to move to decertify the collective following discovery. *See Vazquez v. Ferrara Candy Co.*, 2016 WL 4417071, at *3 (N.D. Ill. Aug. 19, 2016) (describing certification process). If, however, this Court denies HARTING's Motion for Partial Summary Judgment, the proposed schedule would need to account for notice to potential opt-ins, discovery pertaining to both the current Parties and any opt-ins, and a potential decertification motion by HARTING.

D. **Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

On May 31, 2023, the Court granted Hanus's motion for conditional certification, for approval and distribution of notice and for disclosure of contact information (ECF No. 14) and denied Hanus's motion to dismiss HARTING's counterclaim (ECF Nos 36-37). *See* ECF No. 62. Soon thereafter, Hanus filed her Answer to HARTING's counterclaim (ECF Nos. 65-66), and HARTING filed its related Motion for Partial Summary Judgment

(ECF Nos. 67-73). The Parties then submitted their Joint Status Report about those developments and how they might affect the case going forward. *See* ECF No. 74.

E. **Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

The outcome of HARTING's pending Motion for Partial Summary Judgment will impact future motions by HARTING. For example, if that Motion is granted and the case therefore proceeds only on an individual basis, HARTING anticipates filing a motion for summary judgment as to Hanus's individual claims following the completion of discovery. If, on the other hand, HARTING's Motion for Partial Summary Judgment is denied, the case will proceed as a collective action, and HARTING anticipates filing both a motion for decertification of the collective and a motion for summary judgment following the completion of discovery.

III. **Trial**

A. **Have any of the parties demanded a jury trial?**

HARTING has demanded a jury trial for its counterclaim.

B. **What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

No trial date has been set. The timing and anticipated length of trial likely will depend on whether the case proceeds on an individual basis as to Hanus's claims or as a collective action under the FLSA. The Parties anticipate being ready for trial approximately four months following the later of the disposition of any motions for summary judgment, and, if applicable, the disposition of any motions for decertification of a collective action.

C. **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

5

A final pretrial order has not been filed and no such deadline exists.

    D. **Estimate the number of trial days.**

3 to 5 days, assuming the case proceeds on an individual basis only.

IV. **Settlement, Referrals, and Consent**

    A. **Have any settlement discussions taken place? If so, what is the status?**

The Parties have discussed the possibility of resolving the matter on an individual basis, but settlement discussions are not currently active. The Parties anticipate that the Court's forthcoming resolution of HARTING's Motion for Partial Summary Judgment may bear on the prospects for settlement.

    B. **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

No.

    C. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No.

    D. **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

The Parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The Parties do not unanimously consent to that procedure.

V. **Other**

    A. **Is there anything else that the plaintiff(s) wants the Court to know?**

Not at this time.

    B. **Is there anything else that the defendant(s) wants the Court to know?**

Not at this time.

Date: September 30, 2024　　　　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| /s/ *Josh Sanford* | /s/ *Andrew S. Rosenman* |
| Josh Sanford | Andrew S. Rosenman |
| Sanford Law Firm, PLLC | Sofia B. Orelo |
| 10800 Financial Centre Parkway, Suite 510 | MAYER BROWN LLP |
| Little Rock, AR 72211 | 71 South Wacker Drive |
| (501) 221-0088 | Chicago, IL 60606 |
| josh@sanfordlawfirm.com | (312) 782-0600 |
| | arosenman@mayerbrown.com |
| | sorelo@mayerbrown.com |
| *Counsel for Plaintiff/Counter-Defendant* | *Counsel for Defendant/Counter-Plaintiff* |